OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

NOVEMBER TERM, 1856, AT MOUNT VERNON.

---

THOMAS J. WILBANKS *et al.*, Plaintiffs in Error, *v.* ROBERT A. D. WILBANKS, by WILLIAM MADDOX, Guardian, etc., Defendant in Error.

ERROR TO JEFFERSON.

If a testator devises an estate belonging to his son to a third person, in the same will bequeathing a legacy to his son, the son must either relinquish his claim to his estate, or to the legacy or bequest. The son may elect which he will take; and if he has knowledge of the condition of the property, he will be concluded by his election.

A. married and had several children; he purchased forty acres of land in the name of his wife, who afterward died. A. married a second time, and by this marriage had one child; at his decease, by his last will, he gave this forty acres of land to his wife, at her death to descend to her child; giving bequests and legacies to the children of his first marriage, which they accepted; these children, as heirs of their mother, afterward in ejectment sought to recover the forty acres bequeathed to the child of the second marriage: *Held*, That the children of the first marriage, having elected to take under the will, could not afterward divest the other heir, although their father had by his will disposed of this land, not being his.

THE defendant in error filed his bill against the plaintiffs, to enjoin the plaintiffs from prosecuting an action of ejectment against Walter S. Akin and David Rotramel, for the recovery of forty acres of land which the defendant in error claims under the will of his father, Robert A. D. Wilbanks, deceased.

The bill states that R. A. D. Wilbanks, the father, entered the forty acres in the name of his wife, Sarah U. Wilbanks; that she died leaving the plaintiffs in error her heirs at law by her said husband; that the forty acres in dispute were part of

2

the homestead or farm upon which said Wilbanks, the father, and wife resided.

That Wilbanks, the father, married a second time and afterward died, leaving a son, the defendant in error, by his second wife, and made a will bequeathing to his said second wife, for life, the homestead, and at her death willed it to the defendant in error, and that the forty acres were included in the bequest.

That the plaintiffs in error were also provided for, one of them (T. J. Wilbanks) having a specific bequest left to him, of real and personal estate, and that the others were also as to the balance of the real estate of the testator undisposed of, made residuary legatees.

The defendant in error asks that the plaintiffs be enjoined from prosecuting their action at law, for the reason that the intestate, by devising the said tract of land to the defendant, intended to put the plaintiffs off with what he gave them under the will, and that the plaintiffs ought to elect whether they would refund the value of the land or be perpetually enjoined from prosecuting their action at law.

The plaintiffs demurred to the bill generally and specially, and contend that the facts stated in the bill do not warrant the issuance of an injunction against the plaintiffs, because the defendants to the suit at law are not parties; that from the face of the bill they are manifestly proper parties to the proceedings, and for that cause the demurrer ought to have been sustained to the bill; they also contend that the facts stated in the bill do not show a case of election in equity at all, because: 1st, they were residuary legatees; 2d, Wilbanks, the intestate, was tenant by the curtesy, and had an interest in the land in question; 3d, because the testator treated the land as his own property; and, 4th, the forty acres of land in dispute are not described in the will at all, and the court will not supply the defect by implication, from the fact that it was within the boundaries of the land bequeathed to his second wife and the defendant upon her decease.

The demurrer was sustained. The plaintiffs stood by their demurrer; but the court ruled them notwithstanding to answer over, which they refused to do. A decree *pro confesso* was entered at September term, 1855, of the Jefferson Circuit Court, and the plaintiffs were perpetually and unconditionally enjoined from prosecuting their suit at law.

The plaintiffs assign for error, the ruling of the court below, on the demurrer, and contend that the demurrer ought to have been sustained to the bill, and that the overruling the demurrer and granting the injunction was erroneous, and that the decree of the court was rendered without any equity whatever to support it; and further, that if the injunction ought to have

been awarded at all, it ought to have been awarded on condition of the plaintiff failing to elect.

R. S. NELSON, for Plaintiffs in Error.

D. BAUGH, for Defendant in Error.

SCATES, C. J.  The testator in this case disposed of all his estate, both real and personal.  The objects of his bounty were exclusively those upon whom the law would have cast the estate in case of intestacy; but whether in the same proportions under the will as at law, does not appear.  Whether the provisions of the will are as beneficial as those of the law, or not, the devisees may not therefore disturb or set aside its provisions, unless under circumstances which raise a righ of election.

The widow accepted the devise made to her, which barred her dower; and the heirs as such merely could not avoid the provisions of the will, which disposed of the whole estates, real and personal, so far as they belonged to the testator.  The legal title to the tract in controversy was not in the testator, but the plaintiffs, his children by a former wife, as heirs to their mother, in whose name the land had been purchased of the United States.

The testator devised this tract to his second wife for life, as a part of his homestead, with remainder to defendant in fee, his son by the second wife.

The object of the bill by defendant is to enjoin the plaintiffs from proceeding in ejectment, to recover the land as heirs at law of their mother, upon the ground that they have devises and bequests made to them by the same will, of which they have accepted, and they cannot, therefore, in equity and conscience be permitted to claim under the will the benefit of the devises and bequests to them, without giving full effect to it in every respect, so far as they are concerned.

We think the circumstances clearly present a case for election (waiving any question of a resulting trust for the husband), and assuming the fact to be as is alleged, that the provisions of the will have been accepted, the plaintiffs are estopped in equity and conscience from all claim to this tract of their own, which is given to the defendant.  In the general language of the authorities, they may not, at the same time, take under the will, and contrary to it.  This was the doctrine of the civil law, from whence, doubtless, we derived the rule.  But it seems to have been confined to cases of wills by the civil law, while the rule with us has been extended to deeds

and other contracts; and it has been held to be the rule at law as well as in equity.

The intention of the author of the deed or will to dispose of property which is not his, must be manifest; it is difficult to apply the doctrine of election when the testator has some present interest in the estate disposed of, though not entirely his own ; for it might be that he intended to dispose only of his own interest.   Yet it is a question of intention, which is to prevail, and will be gathered from the terms of the instrument.

An absolute power in the testator to dispose of the subject, and an intention to exercise that power, seems in general sufficient to make a case of election; a devise to the heir, although inoperative, compels him to elect between the estate devised, and claims adverse to the will.   The estate descending to the heir under his election to claim against the will, descends subject to the implied condition.

These principles are extracted from Mr. Swanston's note to *Dillon* v. *Parker*, 1 Swanst. R. 394, *b*.   The doctrine of election is very fully and comprehensively laid down in that case and note; and in *Gratton* v. *Haward*, 1 Swanst. R. 413, and note *c*.   See also *Noys* v. *Mordaunt*, 2 Vern. R. 581 ; 2 Story Eq. Jurisp. Secs. 1075 to 1096; 2 Williams on Exrs. 1236, Sec. 9 of Election (E) and notes; 1 Roper on Husb. and Wife, 566, note *l ;* (7 Law Lib. 334.)

It has been suggested that the testator here was tenant by the *curtesy* of this tract of land, and it should therefore be intended and understood that he devised that interest which belonged to him, and not the fee, which was in his children by his first wife.   This view of the devise cannot help or explain away the plain and obvious meaning and intention upon the face of the instrument; and that was to pass the fee in all the lands disposed of in the will.   Besides, this would make the will inoperative as to this tract; for the estate by *curtesy* terminated with the life of the testator, at which time the devise took effect.   We cannot indulge in a construction that would defeat the intention, make the provision inoperative, or render the will void.   Nor can we indirectly do the same thing by supposing that the testator believed this tract to belong to him ; and intended only to dispose of so much as belonged to him.   Where such appears to have been the clear intention of the testator to dispose of so much, and no more than he might own, and the particular property was devised or bequeathed under the impression that it belonged to the testator, then, it may be, that the question of repugnancy and election might not arise; but the devisee or legatee might take the interest given, without surrendering his claim to his own

Wilbanks *v.* Wilbanks.

property.   Still the foundation of the doctrine of election is the intention of the testator.   So that when he clearly intends to dispose of the property of another, real or personal, although the will or deed alone and of itself may be ineffectual, inoperative, or void as a conveyance or sale, yet it affords authentic evidence of the intention of the testator or grantor, and that intention shall be made effectual and prevail to transfer the property of one who accepts a benefit under such will or deed. 2 Story Eq. Jurisp. Sec. 1077.   Indeed, in Section 1076, Mr. Justice Story illustrates this doctrine of election by putting a case precisely like that before us.   If the testator should devise an estate belonging to his son, or heir at law, to a third person, and should in the same will bequeath to his son, or heir at law, a legacy of one hundred thousand dollars, etc., an implied or constructive election is raised.   The son or heir must relinquish his own estate or the bequest under the will.

The party is entitled to a full knowledge of the circumstances, and of the situation and value of the estates or provisions made; and an election made in actual ignorance of material facts will not preclude the party from exercising the right anew upon obtaining full information.   This record does not show that the election here was without full knowledge of all material facts.

But admitting that the plaintiffs may yet make a new election, if they claim, by descent and against the will, all the lands and personalty devised and bequeathed to them in the will, they will be liable to make compensation to the disappointed devisee to the extent of the value of the devise intended for him.   So that equity will lay hold of the devise or bequest renounced, and substitute compensation for the devise or bequest defeated.   See 2 Story Eq. Jurisp. and 1 Swanst. R. above.

Whether by renunciation the party forfeits all interest, as in case of estates upon express conditions, or is entitled to any surplus after full compensation, as seems to be warranted by the current of authorities, is immaterial here, it seems to us. For its loss to defendant from the midst of his homestead tract, would cost plaintiffs more in compensation out of their devises than it could be worth to them thus situated and surrounded. And they cannot now assert their title as heirs to their mother, without making compensation to defendant, out of the devises to them in the will.

*Decree affirmed.*