# MARY L. GORHAM *et al.*

## *v.*

## HANNAH R. DODGE.

*Filed at Ottawa November 11, 1887.*

1. STATUTE OF FRAUDS—*parol agreement to convey land—performance to take a case out of the statute.* In case of a parol purchase of land, where the purchase money has been paid, possession given to the purchaser, and he enters under the contract, and makes lasting and valuable improvements, a specific performance will be enforced, although the Statute of Frauds may be pleaded.

2. SAME—*taking possession, as an element in performance.* Full payment of the purchase money for real estate verbally agreed to be conveyed, is not, of itself, sufficient to take the agreement out of the Statute of Frauds. Possession must also be taken under the contract.

3. An aged mother offered to give her daughter her homestead if the latter would come there and live with her as long as she lived, the mother to furnish the home, provide for the house, and bear all the expenses, so that the daughter should be at none whatever. Under this offer they both went to the homestead, where they lived until the mother's death, the daughter paying no taxes and making no improvements: *Held*, that the daughter did not thereby acquire possession of the property, during the mother's life, so as to take the case out of the Statute of Frauds.

4. SPECIFIC PERFORMANCE — *of the performance by complainant.* A mother, of advanced years and in feeble health, made a verbal agreement in May, with her daughter, to give her a house and lot at the death of the former if the latter would come to her house and live with her until her death, and care for her. The daughter did nothing until in October, and during the last sickness of the mother, in January, following, absented herself for two weeks and three days before the mother's death, leaving no one to take care of her, and her son, on being notified of the fact, employed a nurse for her: *Held*, that this was not such a performance of the contract on the part of the daughter, as would call upon a court of equity to enforce it.

5. WILL—*taking under devise, as an estoppel to question any part of the will.* It is a well settled rule in equity, that a person, by taking any beneficial interest under a will, is thereby held to confirm and ratify every other part of the will,—or, in other words, he shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of any part of the will.

6. So where a testatrix bequeathed to her daughter $700, and devised her homestead to her son, and the daughter accepted the bequest to her, it was *held*, that the latter was thereby estopped from enforcing the specific performance of a parol agreement of the testatrix to give the homestead to the daughter on the death of the former. Having elected to take under the will, the daughter could not set up a claim which would defeat the devise to the son.

Appeal from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. J. W. RANSTEAD, for the appellants:

A specific performance will not be decreed except upon clear proof. *Carver* v. *Lasater*, 36 Ill. 182; *Gosse* v. *Jones*, 73 id. 508; *Langston* v. *Bates*, 84 id. 524; *Allen* v. *Webb*, 64 id. 342; *Wallace* v. *Rappleye*, 103 id. 229.

The complainant failed to perform the alleged contract on her part. The performance was not such as to invoke the aid of a court of equity.

To take a case out of the Statute of Frauds, it is necessary to show a part performance,—that is, an act referring to and resulting from the agreement, and such that the party would suffer an injury amounting to a fraud by the refusal to execute the contract. *Frame* v. *Dawson*, 14 Ves. 387; *Glass* v. *Hulbert*, 102 Mass. 24; *Wallace* v. *Rappleye*, 102 Ill. 229.

The person to whom a verbal promise to convey land has been made, stands in the nature of a purchaser, and, like any other purchaser, must prove the contract; that the land was clearly designated; that open, notorious and exclusive possession was taken and maintained under the contract, and that improvements were made on the faith of the promise. *Moore* v. *Small*, 19 Pa. St. 461.

Possession must be exclusive, and not jointly with the vendor. *Frye* v. *Shepler*, 7 Pa. St. 93.

The rule seems to be settled, that where the acts done can be compensated by damages, recoverable in an action at law,

34—122 ILL.

no performance will be decreed. *Parkhurst* v. *Van Courtland*, 1 Johns. 284; *Frame* v. *Dawson*, 14 Ves. 387.

There is no pretense in this case that any improvements were made or any money expended on the property by the complainant.

We contend that the complainant had the right of election whether she would rely on her pretended contract with her mother for the conveyance of the homestead, or whether she would take this bequest under her mother's will. She did take the bequest. We claim that by this election she is estopped from claiming anything other or additional from her mother or representatives. *Wilbanks* v. *Wilbanks*, 18 Ill. 17; 2 Williams on Executors, 1441; *Hyde* v. *Baldwin*, 17 Pick. 303.

Mr. W. R. S. HUNTER, for the appellee:

The Statute of Frauds presents no defence, as complainant took possession under the contract, and paid the full consideration she agreed to pay, or, in other words, fully performed her part of the contract. *Warren* v. *Warren*, 105 Ill. 568; *Smith* v. *Yocum*, 110 id. 142; *McDowell* v. *Lucas*, 97 id. 489; *McClure* v. *Otrich*, 118 id. 320; *Bright* v. *Bright*, 41 id. 97; *Kurtz* v. *Hibner*, 55 id. 514.

The bequest and the purchase are not inconsistent with each other. The will, after providing for the payment of debts and the legacy, gave all the residue of the testatrix' estate to her son. Having disposed of the lot in her lifetime, it did not pass by the will.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Hannah R. Dodge, to enforce the specific performance of a parol agreement alleged to have been made between the complainant and her mother, Sarah Gorham, in 1882, under which it is claimed that complainant agreed to reside with and take care of her mother

during her natural life, on certain premises in the city of St. Charles, and in consideration of such services the mother agreed to convey the property to complainant. William J. Gorham, and other heirs-at-law of Sarah Gorham, deceased, were made parties defendant to the bill, but before the hearing William J. Gorham died, and his administratrix and heir-at-law were made parties defendant. William J. Gorham, in his lifetime, and his heirs, after his death, put in answers to the bill. In the answers, the contract relied upon by complainant is denied, the Statute of Frauds is pleaded, and in addition it is set up, that on the 20th day of April, 1881, the said Sarah Gorham made and executed a last will and testament; that in March, 1883, said will was duly admitted to probate in said Kane county, in and by which said testatrix, among other legacies, gave and bequeathed to the said Hannah R. Dodge the sum of $700, and devised to said William J. Gorham the premises in controversy in this suit, and that afterwards he took out letters of administration on said estate, and paid all debts and legacies, and, among others, a legacy of $700, and interest, to said complainant, and reported the same to said county court, and was duly discharged, and the estate was declared settled; and she avers that by reason of the will, and legacy of $700 and interest, and the acceptance of said legacy by the complainant, she has elected to accept said will, and her legacy thereunder, in lieu of all other rights, if any, and that in equity she is now estopped from claiming and setting up title to said property by reason of any agreement for the sale and conveyance between her and the said Gorham, as set forth in said bill of complaint. On the hearing, on the pleadings and evidence, the court rendered a decree in favor of the complainant.

The evidence in reference to the contract is quite brief, and is that of one witness, Sarah H. Dodge, and was substantially as follows: "I live at Gardner, Illinois. Am a grand-daughter of Sarah Gorham and a daughter of complainant. Sarah

Gorham died in January. I saw her in May previous, at William Gorham's, in Du Page county, and that was the last time I saw her before her death. I had a talk with her in reference to letting Hannah Dodge have the property in St. Charles. I was at St. Charles, and went to see grandmother. She asked me to room with her. After we went to her room, she commenced talking about her private affairs, and said she was not satisfied with her present home, and wanted to go back to St. Charles; said she was too old to live there alone, and would give the place to me or my mother if we would come there and live with her, and all the things she had there with her. If we would not come she would give it to some stranger, and that was to be the consideration,—she was to live with her as long as she lived, but they must agree to stay with her. I told her I thought mother would come and stay with her. I asked her at the time if she did not think it would be better to stay where she was, and she said no,—she would go there, and if I or my mother would not come, she would get some stranger. I said we had some work to do at home, and asked her if she could stay there some eight or ten days until we could rent the place. She did not want me to tell any one until I had spoken to my mother, and if mother would come she was to write to her not to have her say anything about the bargain. I went into Chicago, and from thence I went home and told my mother about this matter. I told mother what grandmother said, and she, after thinking it over, said she would go."

On cross-examination, the witness testified: "She told me she had $400 with which to commence housekeeping; that she would provide for the house and be to all expenses, and mother was to be at no expense whatever. I understood from my grandmother, who was then eighty-two years old, that if mother would go and live with her she would pay her board and all the expenses of the house, and as soon as she died mother would have the property. It was about the last of May or the first of June that I had this conversation with my.

grandmother. Mother went there in the last of September or first part of October, and grandmother died the next January."

The Statute of Frauds having been set up in the answer, the first question to be considered is, whether anything was proven which will take the case out of the operation of the statute. It is conceded that there is no memorandum in writing of the contract, but it is claimed that there has been a performance of the contract, and such performance is sufficient to take the agreement out of the operation of the Statute of Frauds.

This court has held, in a number of cases, and the law may be regarded as well settled, that in a case of a parol purchase of lands, where the purchase money has been paid, possession surrendered to the purchaser, and he enters under the contract and has made lasting and valuable improvements, a specific performance will be enforced, although the Statute of Frauds may be pleaded. (*Temple* v. *Johnson,* 71 Ill. 14.) But the case under consideration does not fall within the rule indicated. No money was paid, no improvements were made on the property, and, in our judgment, the evidence fails to show possession, by the complainant. The property, as disclosed by the evidence, had been formerly occupied by Sarah Gorham as a homestead. She had left it for a time and was residing with her son. Becoming dissatisfied, she made up her mind to return to the homestead in St. Charles, the property in question. She desired the complainant to reside with her on the property, and if she would not accept, she declared the intention to get a stranger. The offer made complainant, as shown by the only witness to the contract which complainant accepted, was as follows: "She (Mrs. Gorham) said she was too old to live there (on property in question) alone, and would give the place to me or my mother if we would come there and live with her. She was to live with her as long as she lived." But this was not all. The witness further testified that Mrs. Gorham had $400 with which to commence housekeeping; that she was to furnish the house, provide for the home, be at all expenses,

and complainant was to be at no expense whatever. These are the circumstances under which Mrs. Gorham returned to her property, and under which she and the complainant resided there together, and, in our judgment, it is a clear proposition that complainant acquired no possession of the property while Mrs. Gorham lived. She was there as a mere employe while the mother occupied the property. She had no duty to perform except to take care of her mother. She asserted no ownership of the property, she made no repairs, paid no taxes, indeed she did nothing to indicate a possession or ownership of the property.

Should it be conceded that the complainant paid the purchase money,—or, what may be regarded as an equivalent, performed the labor agreed upon for her mother,—she could not recover, because, as held in the case cited *supra*, full payment of the purchase money for real estate verbally agreed to be conveyed, is not, of itself, sufficient to take the agreement out of the Statute of Frauds,—possession of the property must also be taken under the contract. But we are not satisfied, from the evidence, that the complainant performed the contract as was agreed upon. The evidence shows that the arrangement was that complainant should go and live with her mother during the lifetime of the mother,—that she was to take care of the old lady. This arrangement was made in May, under the expectation that within two or three weeks complainant would enter upon the performance of the contract; and yet she did nothing until October. But this is not so important. During the last sickness of Sarah Gorham the complainant absented herself, as the evidence shows, for two weeks and three days, leaving no person to care for the old lady, who was then unable, from advanced age and poor health, to care for herself, and the son being notified of the fact, employed a nurse to go to the house and care for the old lady. This was not such a performance of the contract as would call upon a court of equity to enforce it. The sole object of the contract was, that Mrs.

Gorham, advanced in years as she was, should have the constant services of the complainant, and at no time was it more important that those services should be given than in the last sickness.

There was also another defence interposed, which was sufficient to defeat a decree. It was proven on the hearing that Sarah Gorham, on the 20th day of April, 1881, executed a will, which was admitted to probate in the county court of Kane county, in March, 1883. By the will the testatrix bequeathed to complainant $700, and to William J. Gorham she devised the property in controversy. William J. Gorham was named as executor in the will. He qualified as such, paid all debts, and the legacy of $700 to the complainant. After the expiration of two years he rendered an account to the county court, which was approved, and the estate was declared settled, and the executor discharged. The complainant having elected to take under the will of Sarah Gorham, can she set up a claim which will defeat some other provision of the will? The law is well settled that she can not. (*Wilbanks* v. *Wilbanks*, 18 Ill. 17; *Thelenson* v. *Woodford*, 13 Ves. 210; 2 Williams on Executors, 1441; *Hyde* v. *Baldwin*, 17 Pick. 303.) In the last case cited, the rule is clearly stated by Chief Justice SHAW, as follows: "It is now a well settled rule in equity, that if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will,—or, in other words, a man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of every part of the will." Here, the property in question was specifically devised by Sarah Gorham, as her own property, to William J. Gorham. When this fact became known to complainant, she was bound to elect whether she would rely upon her title to the property under the contract she claimed from the testatrix, or whether she would abandon

that title and take the devise made for her benefit under the will. She could not take under the will, and at the same time undertake to defeat that provision of the will wherein the property in question was devised to William J. Gorham. She chose to accept under the will, and having done so, she is bound by that provision devising the property in question to William J. Gorham.

The decree of the circuit court will be reversed, and the cause remanded, with directions to dismiss complainant's bill.

*Decree reversed.*