JOHN BROWN and Wife *vs.* PATRICK H. BROWN and others.

January 3, 1890.

Will—Devise—Election.—A testatrix, who had been the owner of one entire city lot, conveyed by deed one-quarter thereof to one of her sons. Afterwards, by will, she devised the entire lot, including that portion thereof previously conveyed by her, to her three sons, including the grantee in the deed referred to, share and share alike. Upon the probate of the will, *held*, that such grantee was required to elect whether he would relinquish his own property and take under the will; and that, if he elected to retain his own property and against the will, he was not entitled to a partition of the remaining three-fourths of the lot, but equity will appropriate the gift made by the will to him, to compensate the other beneficiaries under it.

Action for partition, brought in the district court for Ramsey county, and tried by *Kelly,* J., who ordered judgment for defendants, quieting their title to the land described in the complaint, unless plaintiff should elect to abandon his interest under the deed, and to take only under the will, mentioned in the opinion, with provision as to the improvements. A new trial was refused, and the plaintiffs appealed.

*Warren H. Mead,* for appellants.

*John D. O'Brien,* for respondents.

VANDERBURGH, J.    The record shows that Mrs. Mary Brown, widow, the testatrix named in the pleadings, occupied, under contract of purchase, from 1869 to November 15, 1881, the town or city lot in controversy here, described as lot 4, in Whitacre, Brisbine & Mullen's subdivision of lots 1 and 2 of Leech's out lots to St. Paul, and at the last-named date received a deed therefor, and on the same day executed a deed of conveyance of the east half of the north half thereof to the plaintiff, who, with the defendants Patrick and James Brown, were her sons, residing with her upon the same lot.    Plaintiff built a house upon the quarter lot so conveyed to him, and has since resided therein with his family.    Mary Brown died testate in the year 1884.    By her will, she devised to her three sons above named the lot so conveyed to her, share and share alike.    Her purpose to devise the whole lot to them is apparent from the language of the will, in which the lot is accurately described according to the plat, and as the lot on which she was then living.    The will also refers to her three sons, "Patrick, James, and John, who are with me, and have cared for me at their joint expense.    It is just and proper that Patrick, John, and James shall have the lot on which I am now living, and such is my judgment and will, and I have given the same to them, undivided, and it is my will that the said lot shall not be divided into separate parcels, but sold together, and the proceeds of the sale thereof divided between them."    Upon the final settlement of the estate in the probate court, the lot, (4,) as above described, was assigned to Patrick, John, and James Brown, share and share alike, pursuant to the terms of the will; and the plaintiff John, with his wife, brings this action for a partition of three-quarters of the lot; that is to say, all that part not embraced in the deed to him.

The will contemplates a disposition of the lot treated as one entire parcel undivided, and it was so adjudged by the probate court, and the decree of assignment made accordingly.    Upon the facts stated, the court below held that the plaintiff John Brown was required to elect whether he would accept the share of the property given him by the will, and consent to the disposition of the entire lot as therein

provided, or retain that portion thereof previously claimed by him. It is undoubtedly a clear case for an election. It includes the two essentials—*first*, the testatrix gave to the plaintiff property of her own; and, *second*, she professed to give to the other devisees property belonging to him. In conformity with the general doctrine of equity on the subject of election, the plaintiff was therefore required to elect whether he would relinquish his own property and take under the will, in which case he should release or convey it so as to give full effect to the will, and the whole lot should be partitioned or disposed of as an entirety; and, if the plaintiff has incumbered that portion of the lot previously owned by him, the decree should so adjust the rights of the parties as to protect the other donees. In such cases, also, if the person on whom the duty of electing rests, elects to retain his own property, and against the will, then he will be entitled to no benefits under the will, unless the share given him by it shall exceed the value of his own property which the testator undertook to give to the other beneficiaries, and equity will appropriate the gift made to him to compensate them. Bisp. Eq. § 305; 1 Pom. Eq. Jur. §§ 468, 517; *Gretton* v. *Haward*, 1 Swanst. 409, 433–441, note. There is no finding or evidence in the case showing the relative value of the separate parcels of the lot in question, and there can be no presumption that the share given by the will exceeds the value of the part owned by the plaintiff. It is clear, therefore, that plaintiff has not made any case, whether he elected to take under the will or not, for a partition in his favor of the premises set out in the complaint, and the order of the court allowing him to amend and renounce or surrender his claim of title to the land described in the deed, and take under the will, is quite as favorable as he had a right to ask.

Order affirmed.