EMILIA GOVIN, Plaintiff, *v.* NATHAN METZ and Others, Defendants.

*Error in the description of real estate devised — the misdescription may be struck out.*

Where it is shown that an error exists in the description of real estate, purporting to be devised by will, the court may in an appropriate action strike out the misdescription, and read the will as if it had never been inserted, provided that independently of the false description such devise is effectual.

The third clause of the codicil to a will was as follows :·

"*Third.* I bequeath to Felix, Emilia and Guillermina Govin, whom I love as children : To the first, the lot and house constructed on the same marked with the number 241 West 23rd street ; to the second, the house and lot marked with the number 204 Lexington avenue, and to the third, the house and lot with the number 204 West 39th street, said three houses being situated in this city."

The testator never owned 204 Lexington avenue, and the only premises on Lexington avenue he owned at the time of making such codicil, and at the time of his death, was No. 738.

*Held*, that such clause should be read as if the misdescription, viz., the figures 204, was not inserted therein, in which case the description would be sufficient to vest in the devisee the property No. 738 Lexington avenue, the only house which the testator owned on such avenue.

MOTION by the defendants, Nathan Metz and others, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after a verdict in favor of the plaintiff had been rendered by direction of the court on the 20th day of April, 1894, on a trial at the New York Circuit.

*Abram Kling*, for the plaintiff.

*James S. Stearns* and *Cephas Brainard*, for the defendants.

PARKER, J. :

The third clause of the codicil to the will of Felix Govin y Pinto is as follows :

"*Third.* I bequeath to Felix, Emilia and Guillermina Govin, whom I love as children : To the first, the lot and house constructed on the same marked with the number 241 West 23rd street ; to the second, the house and lot marked with the number 204 Lexington avenue, and to the third, the house and lot with the number 204 West 39th street, said three houses being situated in this city."

Felix and Guillermina obtained immediate possession of the

houses and lots severally devised to them, but in the devise to Emilia, this plaintiff, the testator described the house as "number 204 Lexington avenue," whereas the only house that he owned on Lexington avenue was 738. That it was an error on his part is beyond controversy. He never owned 204 Lexington avenue, nor did he at the time of making the codicil own any house and lot on that avenue other than 738. When he located the house and lot intended to be devised as on Lexington avenue he necessarily had in mind the only house and lot on it belonging to him. How he came to make the mistake is suggested by the fact that the devise to Guillermina was of lot 204 West Thirty-ninth street. This was a correct description, and the figures 204 being in mind as a correct description of a lot to be devised, they were inadvertently given as the number of the house on Lexington avenue as well as that on West Thirty-ninth street.

Reading the devise in the light of the surrounding circumstances, we have a demonstration that an error has crept into the description, and what that error is. In such a case we regard it as fairly settled that if, independently of the false description, the devise be effectual, the court may, in an appropriate action, strike out the misdescription and read the will as if it had never been inserted. Striking out the figures " 204," and the devise would be of a " house and lot marked with the number — Lexington avenue." A devise which would unquestionably vest in the devisee the only house and lot which the testator owned on Lexington avenue, for there could be no mistake as to the identity of the lot.

In *Patch* v. *White* (117 U. S. 210) the testator devised to his brother "lot number 6 in square 403." There was no such square, but there was a square "406," on which was situated lot No. 3 owned by the testator. And the court determined that he had mistakenly substituted " six " for " three," and " three " for " six," and read the will as if those figures had not been inserted.

The decision in that case fully supports the verdict directed in this action. It was the outcome of a vigorous debate in the court. The opposing positions were strongly presented by prevailing and dissenting opinions. The arguments presented by the controlling opinion seem to us the better reason, and they are so fully given as to meet the suggestions of the learned counsel for the respondents

and make it a work of supererogation for this court to further review the authorities bearing upon that subject.

The exceptions should be overruled and judgment ordered for the plaintiff, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Exceptions overruled and judgment ordered for plaintiff, with costs.