THEODORE E. SORENSON v. EDWARD CAREY and Others.[1]

November 17, 1905.

Nos. 14,453—(101).

**Will—Election by Wife.**

By the last will and testament of the husband he devised a life estate in lands belonging to his wife to her, together with certain personal property in value and amount exceeding that which she would have been entitled to under the statute, and directed that after the death of his wife the land and remaining personal property should be disposed of by his executor, and the proceeds divided equally between his brothers and sisters and the brothers and sisters of his wife. There were no children. The wife expressly assented to the terms and provisions of the will by indorsement thereon at the time it was executed. *Held*, following Brown v. Brown, 42 Minn. 270, that upon the death of the husband the wife was required to elect whether to accept or reject the provisions of the will, and that if she elected to abide thereby the will was effective as a transfer and disposal of her land; and *held*, further, that her express assent to the terms of the will at the time it was made, coupled with the fact that after the death of her husband she appropriated all his personal property to her own use, amounted in contemplation of law to an election to abide by the will.

**Description of Land.**

The will involved in this litigation purported to devise and dispose of "my farm, consisting of about ninety-five acres, in Fillmore county," and other property. *Held*, respecting the land embraced within the designation "my farm," that the description thereof is not so indefinite as to render the will void, but ambiguous to the extent that extrinsic evidence is admissible to identify the particular land intended to be disposed of.

Action of ejectment in the district court for Fillmore county by Theodore E. Sorenson, as executor of the will of Albert Olson, deceased. From an order, Kingsley, J., sustaining a general demurrer to the complaint, plaintiff appealed. Reversed.

*H. S. Bassett* and *M. D. Halloran,* for appellant.

*Gray & Thompson,* for respondents.

[1] Reported in 104 N. W. 958.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint. The facts disclosed by the complaint are in substance as follows: On January 28, 1901, Albert Olson made and executed his last will and testament. The second subdivision thereof, being the portion here material, is as follows:

> Second. After the payment of lawful debts and funeral expenses I give and bequeath to my wife, Christine Olson, the use of my farm, consisting of about ninety-five acres situated in the county of Fillmore and state of Minnesota, during her life; also all cattle, horses, and swine of every kind, and all the grain of every kind, whether growing in the field or harvested or in the granary or cribs or barns; and also all household goods and furniture.

The will directed the executor to take possession of all real and personal property disposed of by the will, and hold and care for it to the best practical advantage during the life of his wife, and to provide for her care, comfort, and support; and upon her death to dispose of the entire estate and distribute it in the manner therein provided, namely, $100 to the United Norwegian Lutheran Church of America; $100 to the Norwegian Lutheran Cemetery, belonging to the Root Prairie Norwegian Lutheran Church; and all the rest and remainder to be divided equally between his brother and sister, and his wife's brothers and sisters, and the children of any deceased brother or sister.

For a good many years prior to the execution of the will Olson and his wife had resided upon a tract of land in Fillmore county, the title to which was then in the wife, and the complaint alleges that the tract so owned and occupied was the farm referred to in the will; that it was understood and agreed between the husband and wife that the land and all other property belonging to the parties should descend to the brothers and sisters of each, and to carry out this understanding the husband made the will mentioned; and that to effectuate it the wife, at the time it was executed, indorsed thereon the following:

> Be it known that I, Christine Olson, wife of the above-named testator, Hallor Olson, have heard read and explained to me all the provisions made for me in the foregoing will, and, being

satisfied therewith, do hereby approve and accept the same, and do hereby assent to all the terms and conditions thereof.

The testator was at the date of the will seventy-five, and his wife seventy-three, years of age. Some time after the execution of the will, the testator died, and the widow, remaining in possession of the farm, appropriated to her own use the personal property then belonging to the deceased, amounting in value, as alleged in the complaint, to the sum of $1,000. Within a year after the death of the husband the widow married defendant Edward Carey, and continued thereafter until the time of her death to reside with him upon the farm. Subsequent to her marriage with Carey she conveyed the land in question to A. E. Gray, who in turn conveyed the same to defendants Ellen Dolan and Alice Powers, daughters of Carey. Subsequent to the execution of the deed to Gray Mrs. Carey died. The will of her former husband was not probated during her lifetime, and, as stated, she continued after the death of her husband in possession of the farm and appropriated the personal property left by him to her own use. Subsequent to her death the will was duly admitted to probate by the probate court of Fillmore county, plaintiff named as executor, and as such he brought this action against Edward Carey, as well as Alice Powers and Ellen Dolan and their husbands, to recover possession of the land and the value of the personal property alleged to have been converted.

The complaint is very full, and sets out the facts in detail. At the time the demurrer came on for hearing in the court below, the parties entered into a stipulation as follows:

It is therefore hereby stipulated and agreed by and between the plaintiff and the defendants in said action that the court, in considering the demurrer of the defendants to said complaint upon the grounds that the same does not state facts sufficient to constitute a cause of action, may and shall only consider and pass upon the question whether or not said complaint states facts sufficient to show that plaintiff, as executor of said deceased, has the right to said real estate, to be by him disposed of as in said will provided, and that said land is not to be considered as held in trust by said Christine for said Albert at the time said will was made, but as her land in fee at that time.

As we construe this stipulation, the sole question presented for consideration is whether the plaintiff, under the allegations of the complaint, which are admitted to be true by the demurrer, is entitled to the possession of the land as executor of deceased, Albert Olson. All questions pertaining to the alleged conversion of the personal property were eliminated from the case by the stipulation.

Two questions are involved in the determination of the case, namely: (1) Whether the real estate mentioned in the will may be identified by parol proof; and (2) whether the widow of Olson was, under the facts stated in the complaint, bound and concluded by the disposition there made of her real estate.

1. It will be noticed that the will by its terms devised to his wife "the use of my farm, consisting of about ninety-five acres situated in the county of Fillmore * * * during her life," and directed that upon her death the same be sold by the executor and proceeds divided between the heirs of both husband and wife. The land is not described by government subdivisions, or otherwise definitely designated; but it appears from the complaint that the farm then occupied by the parties, the title to which was in fact in the name of the wife, was the only land owned by either party at the time. The husband at all times treated the land as his own, operated, managed, and referred to it as his farm, and it is contended by appellant that the case is one in which extrinsic evidence is admissible to identify the subject-matter of the will. It is apparent that the will is indefinite and ambiguous—not so indefinite as to be void, but susceptible of proof for the purpose of identifying the property with reference to which it was intended to operate. The case comes within the general rule that ambiguous writings, whether wills or ordinary written contracts, which are not so indefinite and uncertain as to be void, but merely ambiguous, are subject to explanation by parol evidence.

In the case of Hibbs v. Insurance Co., 40 Oh. St. 543, a case directly in point, the testator in his will made use of the following language: "I give and devise to my beloved wife, in lieu of dower, the farm on which we now reside, situate in Franklin county, Ohio, containing about two hundred acres, during her natural life. At the death of my said wife the real estate aforesaid I give, devise, and bequeath to my grandson, William Miller." It appeared on the trial of that action

that, of the farm of about two hundred acres on which the testator then resided, the wife owned in her own right eighty acres. The will was admitted to probate, and the wife elected to take under its provisions, without understanding that the eighty acres belonging to her would pass under the will. She subsequently conveyed her portion of the farm, and the court held that her conveyance was invalid, except to innocent purchasers; that the entire farm of two hundred acres, including the wife's separate property, passed by the will; and that parol evidence was admissible to identify the land the testator intended to dispose of. In the case of Cox v. Rogers, 77 Pa. St. 160, the will purported to dispose of property in the following language: "I do will to my son, * * * his heirs and assigns, my farm, * * * subject to my wife's third"—and the court held evidence to identify the farm competent.

The rule as to when latent ambiguity exists in a will is clearly stated in Patch v. White, 117 U. S. 210, 6 Sup. Ct. 617, as follows: "A latent ambiguity in a will, which may be removed by extrinsic evidence, may arise (1) either when it names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that answer such name or description; or (2) when the will contains a misdescription of the object or subject, as where there is no such person or thing in existence, or, if in existence, the person is not the one intended, or the thing does not belong to the testator."

In Zirkle v. Leonard, 61 Kan. 636, 60 Pac. 318, it was said that, where the meaning of such an instrument as a will is involved in uncertainty because of misdescription, the intention may be ascertained by extrinsic evidence, and, when so ascertained, will be taken as the meaning of the testator, if such meaning can be distinctly derived from a fair and rational interpretation of the language employed.

As remarked by Justice Collins, in Wheaton v. Pope, 91 Minn. 299, 97 N. W. 1046: "A will must always be construed so as to give effect to every part of it, provided an effect can be given it not inconsistent with the general intention as gathered from the entire instrument. Where it is clear on the face of such an instrument that a testator has not accurately or clearly expressed his meaning by the words used, words may be supplied to effectuate the intention as gathered from the context."

See also Hawkins v. Garland's Admr., 76 Va. 149; Wigmore, Ev. § 2458, et seq.; Seebrock v. Fedawa, 33 Neb. 413, 50 N. W. 270; Govin v. Metz, 79 Hun, 461, 29 N. Y. Supp. 988; Priest v. Lackey, 140 Ind. 399, 39 N. E. 54; Chambers v. Watson, 60 Iowa, 339, 14 N. W. 336; Covert v. Sebern, 73 Iowa, 564, 35 N. W. 636; Stewart v. Stewart, 96 Iowa, 620, 65 N. W. 976; Flynn y. Holman, 119 Iowa, 731, 94 N. W. 447.

We therefore hold that the will in question may be aided by extrinsic evidence.

2. Was the will valid and effectual as respects the real estate owned by the wife? We find little difficulty, taking the allegations of the complaint as true, in sustaining the will in this respect. It appears that the testator and his wife resided upon the land for a number of years as their home. It formerly belonged to the husband, but had been transferred through a third person, some years before making the will to the wife. They were without children and had no heirs, save their respective brothers and sisters. They discussed the matter between themselves, and concluded that their estate ought to go equally to the heirs of each, and in view of this the will was made. It was fully understood by the wife at the time as a devise of her land, and she expressly, by written indorsement thereon, assented to it. Subsequent to the testator's death, she appropriated the personal property referred to in the will to her own use, but never by any express act or declaration either rejected or confirmed the will.

The case comes squarely within the principle laid down in the case of Brown v. Brown, 42 Minn. 270, 44 N. W. 250. It appeared in that case, which involved a construction of a will, that the testatrix had been the owner of one entire city lot, a part of which she conveyed to one of her sons. Subsequently by will she devised the entire lot, including the portion previously conveyed, to her three sons, including the son to whom the prior conveyance was made, share and share alike. Upon the construction of the will, and with reference to the rights of the parties thereunder, this court held that the son to whom the prior conveyance was made was required to elect whether he would relinquish his own property and take under the will, or retain his own and reject the provisions of the will, and that, if he elected to retain the property so conveyed to him, he was not entitled to any part or por-

tion of the remaining property. So, in the case at bar, the testator by his will devised and disposed of real estate belonging to his wife, together with personal property to the amount of $1,000; and, within the principle of the case cited, the widow, upon her husband's death, was required to elect whether she would retain her own property and reject the provisions of the will, or whether to take under the will. This principle is founded upon and controlled by the fact that the legatee, whose individual property is included within the terms of the will, receives something from the testator he would not otherwise have received, and which would not have been given independently of the other provisions of the will.

The principle is well established by the authorities. Cox v. Rogers, 77 Pa. St. 160; Hibbs v. Insurance Co., supra; Moore v. Baker (Ind. App.) 30 N. E. 629; Allen v. Boomer, 82 Wis. 364, 52 N. W. 426; Ditch v. Sennott, 117 Ill. 362, 7 N. E. 636; Wilbanks v. Wilbanks, 18 Ill. 17; Pomeroy, Eq. Jur. (3d Ed.) §§ 461, 477, et seq.; Dillon v. Parker, 1 Swanst. 359, and notes by Mr. Swanston. And see Noys v. Mordaunt, 2 Vern. 581, 1 Lead. Cas. Eq. 503; Streetfield v. Streetfield, cas. temp. Talb. 176, 1 Lead. Cas. Eq. 504, and English and American notes. It was applied in Washburn v. Van Steenwyk, 32 Minn. 336, 351, 20 N. W. 324, and, as we read the books, it is the rule applicable generally to wills of this character.

In the case at bar the widow would have been entitled on the death of her husband, if she had elected to reject the will, to her own property and a one-third interest in all the personal property left by the husband, which would have been of the value of $333.33. She appropriated, according to the conceded allegations of the complaint, the entire personal property; and this, if it be conceded that her written assent to the provisions of the will was not equivalent to an election to abide thereby, which question we do not determine, coupled with that assent, amounted in contemplation of law to an election on her part to take under the will and confirms its validity.

Counsel for defendants do not seriously controvert these propositions of law, but insist that they have no application to the facts disclosed by the complaint, as limited by the stipulation under which the case was submitted to the court below. The contention in this respect is that all allegations of the complaint respecting the appropriation by

the widow of the personal property were eliminated from consideration by the stipulation, and that that fact, essential to give rise to the principle contended for by appellant, does not appear. We are unable to concur in this construction of the stipulation. As we read it, the questions as to a conversion of the personal property are eliminated; not the allegations that she took and converted it to her own use. In other words, for the purpose of having the rights of the parties respecting the real property adjudicated, a claim for recovery for conversion was waived. We do not attempt to determine what the facts are in the case. Allegations of the complaint are admitted as true by the demurrer, and the legal questions are disposed of on the basis of the truth of these allegations. Whether evidence may be produced on the trial to sustain the allegations is a question with which we are not concerned.

It follows that the learned trial court was in error in sustaining the demurrer, and the order appealed from is reversed.

Order reversed.