## IN RE ESTATE OF DENNIS KELLEHER.

## WILLIAM KELLEHER AND ANOTHER v. SUSAN KELLEHER.[1]

July 5, 1918.

No. 20,909.

**Will — specific legacy.**

1. A provision in a will giving the proceeds of a certain insurance policy to the testator's children is a specific legacy.

**Same.**

2. Where a testator bequeathed to four of his children the proceeds of an insurance policy on his life, payable at his death to his wife, the latter, by accepting another provision in the will for her benefit, relinquishes her interest in the insurance.

William Kelleher, John Kelleher, Mary Kelleher and Margaret Kelleher, children and legatees of Dennis Kelleher, deceased, petitioned the probate court for Cottonwood county for an order requiring Susie Kelleher, as representative of the estate of said testator, to pay them the sum of $2,000 provided by the will of said testator to be paid to them, and obtained an order to show cause. The matter was heard before Annis, J., who found that the will provided a specific legacy and was so intended by deceased; but that when the policy of life insurance was surrendered for cancelation and a new one issued in favor of Susan Kelleher, the legacy was extinguished, and did not form a part of testator's estate and an ademption of the legacy and could not be supplied from the general assets of the estate; that therefore petitioners were not entitled to the relief prayed. From the final decree of the probate court the legatees appealed to the district court for that county, where the appeal was heard by Nelson, J., who made findings and reversed the judgment of the probate court, and directed that out of the proceeds of the beneficiary certificate of $2,000 the executrix should pay to each of appellants the sum of $500. From an order denying her motion for a new trial, Susan Kelleher appealed. Affirmed.

*Wilson Borst,* for appellant.

*Ole J. Finstad,* for respondent.

[1]Reported in 168 N. W. 586.

QUINN, J.

In January, 1898, Dennis Kelleher took out a benefit certificate in the Modern Woodmen of America, for $2,000, payable at his death to his wife, Hannah Kelleher. There were four children, the issue of this marriage, namely, John, William, Mary and Margaret, the respondents herein. The mother of those children died in 1908. In 1911 Dennis Kelleher married Susan Kelleher, the executrix and appellant herein. There are three young children, the issue of this marriage. On January 18, 1916, Dennis Kelleher made his last will and testament as hereinafter set forth. On February 5, 1916, he had the name of the beneficiary in the certificate changed to that of the appellant, which was done by the issuance of a new certificate.

Dennis Kelleher died at his home on his farm in Cottonwood county on September 15, 1916. Thereafter the will was admitted to probate in Cottonwood county, appellant qualified as executrix and the estate was fully probated. Appellant made proof of death and collected $2,000 upon the benefit certificate. At the time of the filing of the final account by the executrix, the respondents petitioned the probate court for an allowance of $2,000 out of the estate under the terms of the will, sections 2 and 3 of which are as follows:

"II. I hereby give, devise and bequeath to my beloved children by my former wife, that is to say: John, aged twenty-three; William, aged twenty-one; Mary, aged nineteen; and Margaret, aged sixteen, all of the proceeds of a certain policy of life insurance in a society known as the Modern Woodmen of America, of which society I am an insured member, and the proceeds of which policy will entitle the beneficiaries to the sum of Two Thousand Dollars ($2,000.00) on my death, the proceeds of which policy I desire to be divided equally among the four children above named, share and share alike, free of any and all debts and encumbrances.

"III. I hereby give, devise and bequeath all of the property of which I may die possessed, both real, personal and mixed, wheresoever situated, except the proceeds of the insurance policy above mentioned, to my present beloved wife, Susie Kelleher, to have and to hold unto the said Susie Kelleher, her heirs and assigns forever, with the power to

sell and dispose of the same when in her judgment it will be for the best interests of herself and children so to do.

"It being my will and desire and intent that the property of which I may die possessed may be used by my wife for the maintenance of herself and for the maintenance and education of my three children by my present wife, to-wit: Johanna, Dennis and Susan, aged respectively four years, two years, and six months, at the time of the ensealing of these presents."

The first benefit certificate, which was in force at the time of the execution of the will, contained the following provision:

"That in the event of the death of any beneficiary prior to the death of said neighbor, and upon his failure to designate another beneficiary, then the amount to be paid under this certificate shall be due and payable to the other surviving beneficiaries, if any there be, or if none survive him, then to the legal heirs of said neighbor."

The testator at the time of his death owned 160 acres of land, upon which he lived, of the value of $20,000, and personal property to the amount of $2,900, all of which the appellant took under the will, except sufficient thereof to defray the expense of administering the estate. She also retained the amount collected in the benefit certificate, notwithstanding the provisions of the will.

The probate court denied the petition of the respondents, holding that the provisions of paragraph 2 of the will constituted a specific legacy, and that the proceeds of the benefit certificate did not constitute a part of the testator's estate, and that the legacy in question could not be supplied from the general assets of the estate. From this order the petitioners therein appealed to the district court where the order of the probate court was reversed. From an order denying her motion for a new trial testatrix appealed.

We are of the opinion that it clearly appears from the will, when considered in view of all the surrounding circumstances, that it was the intention and purpose of the testator that the farm, which included the homestead, should, at the time of his death, descend to his widow, with the power to sell and dispose of the same for the best interests of herself and three minor children, and at the same time to make

provision for his four children by his former wife, who had remained at home and assisted him until they attained their majority.

It is provided in paragraph 2 of the will:

"I hereby give, devise and bequeath to my beloved children by my former wife * * * all of the proceeds of a certain policy of life insurance * * * the proceeds of which policy I desire to be divided equally among the four children above named, share and share alike, free of any and all debts and encumbrances."

In paragraph 3 it is provided:

"I hereby give, devise and bequeath all of the property of which I may die possessed, both real, personal and mixed, wheresoever situated, except the proceeds of the insurance policy above mentioned, to my present beloved wife, Susie Kelleher * * *."

It is clear that the proceeds of the benefit certificate belonged to the testatrix who was named as beneficiary in the policy, and that the legacy mentioned in paragraph 2 of the will is specific. Appellant, however, took all of the real estate, including the homestead, and all of the personal property under the terms of the will; and her right depends upon whether she thereby confirmed and ratified the provisions of paragraph 2 of the will by which her interest in the proceeds of the insurance was disposed of by giving the same to the respondents. It is a well settled rule of equity that a person cannot take under a will and at the same time set up any right which will defeat any part of it. If a testator has disposed of property owned by a beneficiary under the will, such beneficiary must either relinquish his right to such property, or to that which is given him by the will, and must accept the will as a whole, or not at all. Story, Equity, § 1077; Ditch v. Sennott, 117 Ill. 362, 7 N. E. 636; Gorham v. Dodge, 122 Ill. 528, 14 N. E. 44; Van Schaack v. Leonard, 164 Ill. 602, 45 N. E. 982; Washburn v. Van Steenwyk, 32 Minn. 336, 20 N. W. 324; Brown v. Brown, 42 Minn. 270, 44 N. W. 250; Sorenson v. Carey, 96 Minn. 202, 104 N. W. 958.

The intention of the testator is clear. The terms of the will give to the respondents the proceeds of the insurance, and to appellant all of the real and personal property, except alone the proceeds of the insurance. It is immaterial whether the testator had power to dispose of the proceeds of the certificate, which he undertook to dispose of

as his own. The doctrine of election rests upon the ground that one who asserts his claim to property under a will must acknowledge the equitable rights of all others under the same will. 1 Jarman, Wills, 445; 1 Pomeroy, Eq. Jur. § 464.

The appellant, having taken under the will, is bound by the terms thereof and should pay over to the respondents the proceeds of the benefit certificate in question.

Affirmed.