[1] Reported in 23 N.W.2d 1.
Appeal from an order dismissing action to determine adverse claims to real estate.
Louise Frank LeBorius, a resident of Hennepin county, died testate on December 15, 1943. Her will, after disposing of household goods and personal effects and making provisions to reimburse and save from loss her son, the plaintiff, on account of buildings he had placed on her land, and cancelling debts owing from him to her, devised all the residue of the estate in trust, with a provision that from such trust property a fund of $15,000 was to be set up, the income therefrom to be paid to plaintiff for life. It was provided that such fund might be raised by the sale of real estate if necessary. The income from the balance of the trust property was to go to plaintiff's brother, Frank, and his sister, Mercedes Reynolds, for their lives, with remainders over. Mercedes, one of the defendants here, was named executrix of the will. She and the First National Bank and Trust Company of Minneapolis were named trustees of the trust created by the terms of the will.
The will was admitted to probate by the probate court of Hennepin county on March 13, 1944. On April 6, 1945, plaintiff moved the district court of said county for an order appointing an additional corporate trustee in said matter and that the court order the trustees to establish the fund of $15,000 for the benefit of plaintiff as authorized by the terms of the will. This motion was stricken from the calendar by the court.
Thereafter, plaintiff brought an action against the executrix to determine adverse claims to certain real estate of which the testatrix had died seized and which was included in the property devised in trust by her. The complaint alleged that such real estate at one time had belonged to plaintiff; that it had been deeded by him to his mother under an agreement that she would bequeath a life estate therein to him; that, in reliance upon such agreement, he had placed buildings on said premises in excess of the value of $5,000 and had made other improvements upon the land; that testatrix had died without making any reference to such agreement in *Page 33 
her will and without having bequeathed said real estate to plaintiff. The complaint demanded that plaintiff be adjudged the fee owner of the property and that defendant be adjudged to have no estate or interest therein or lien thereon. Thereafter, Mercedes and the other trustee under the will interposed answers putting said matter in issue, after which a motion was made by Mercedes and her cotrustee praying that said action be dismissed on the ground, among others, that plaintiff, by his motion to have an additional trustee appointed and to establish a trust fund under the will, had elected to take under the will and was therefore barred from maintaining the action to determine adverse claims to the real estate.
The lower court dismissed the action, and from its order this appeal is taken. In its memorandum to the order, the lower court indicated that the dismissal was made under the doctrine of election of remedies, asserting that the bringing of the motion by plaintiff for the appointment of an additional trustee and for the establishment of the $15,000 trust fund was such an election of remedies as to bar the bringing of the action to determine adverse claims to the real estate.
1-2. The doctrine of election of remedies, as here invoked by the lower court against plaintiff, rests upon the principle that one may not take contrary positions, and that where he has a right to choose between two inconsistent rights or claims the assertion of one involves a repudiation or negation of the other, and the choice of one will preclude going back and making another election. 18 Am. Jur., Election of Remedies, § 51. The rule was stated by Mr. Justice Mitchell in In re Van Norman, 41 Minn. 494, 496, 43 N.W. 334, 335, as follows:
"* * * The rule is as undoubted as it is familiar that, where a party has inconsistent rights or remedies, he may claim or resort to one or the other, at his election, and that when once made his election is irrevocable."
The doctrine of election of remedies as applied to wills has been stated as follows: *Page 34 
"* * * It is a well settled rule of equity that a person cannot take under a will and at the same time set up any right which will defeat any part of it. If a testator has disposed of property owned by a beneficiary under the will, such beneficiary must either relinquish his right to such property, or to that which is given him by the will, and must accept the will as a whole, or not at all." In re Estate of Kelleher,140 Minn. 409, 412, 168 N.W. 586, 587.
See, also, Washburn v. Van Steenwyk, 32 Minn. 336,20 N.W. 324; Brown v. Brown, 42 Minn. 270, 44 N.W. 250. In In re Estate of Kelleher, the court stated (140 Minn. 413,168 N.W. 587):
"* * * The doctrine of election rests upon the ground that one who asserts his claim to property under a will must acknowledge the equitable rights of all others under the same will. 1 Jarman, Wills, 445; 1 Pomeroy, Eq. Jur. § 464."
The sole question presented to us by this appeal is whether plaintiff's motion to have an additional trustee appointed and to require the establishment of the $15,000 trust fund for his benefit, as authorized in the will, constituted an election to take under the will so as to bar plaintiff from subsequently bringing an action to determine adverse claims to said real estate. An examination of the authorities generally on this question reveals that there are many cases which hold that the mere commencement of an action with full knowledge of the facts constitutes a final election. Other cases refuse to consider the mere commencement of an action as an election. The rule adopted in this state is in accord with the last-mentioned group of cases. In First Nat. Bank v. Flynn, 190 Minn. 102,107, 250 N.W. 806, 808, 92 A.L.R. 1272, the court said:
"The doctrine of election, of Roman origin (1 Pomeroy, Equity [3 ed.] § 463), is in our law but an application of the equitable maxim that he who seeks equity must do equity (id. § 395). In spreading from its original field of inconsistent gifts into that of alternative rights and remedies generally, it has come naturally and properly to be regarded as 'an application of the law of estoppel.' 9 R.C.L. 957. *Page 35 
"Putting aside the cases where any affirmative act indicating a choice (e. g. submission generally to the jurisdiction of a court) is of necessity held an irrevocable election, it is a safe premise that a party should not be bound by an election unless he has pursued the chosen course to a determinative conclusion or has procured advantage therefrom or has thereby subjected his adversary to injury. Many cases hold that the mere commencement of an action is conclusive evidence of election. See Conrow v. Little, 115 N.Y. 387, 22 N.E. 346,5 L.R.A. 693, and annotations in 13 L.R.A. 91, and 34 L.R.A.(N.S.) 309. As our cases already sufficiently referred to indicate, we prefer the more liberal view expressed in such decisions as that in Register v. Carmichael, 169 Ala. 588, 590,53 So. 799, 800, 34 L.R.A. (N.S.) 309, that an 'election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election.' If the chosen procedure has been carried to a determinative end, that is ordinarily conclusive. Blythe v. Kujawa, 177 Minn. 79, 224 N.W. 464; Ott v. St. Paul Union Stockyards, 178 Minn. 313, 227 N.W. 47."
In the instant case, it is to be noted that the motion made by plaintiff was not pursued to a determinative conclusion. It was stricken from the calendar by the court. He gained no benefit through his motion, and it does not appear that he has ever received or held any benefits under the provisions of the will. Furthermore, it does not appear that defendants suffered any disadvantage from the making of the motion. Obviously, therefore, under the rule prevailing in this jurisdiction, the making of said motion by plaintiff did not constitute an election to take under the will, and he is therefore not barred from maintaining his action to determine adverse claims to said real estate.
The cases cited by the lower court in its memorandum as authority for dismissal of the action to determine adverse claims are clearly distinguishable from the case at bar in this, that in Brown v. Brown, 42 Minn. 270, 44 N.W. 250, which was one of the cases *Page 36 
cited by the court, an attempt to take under the will was made by one who had received and was holding property rights which were in conflict with the provisions of the will as made for his benefit; and in In re Estate of Kelleher, 140 Minn. 409,168 N.W. 586, also cited by the lower court, a party who had taken and was holding benefits under a will attempted to retain certain other property, the retention of which would have been in direct conflict with certain provisions of the will. In each case, the doctrine of election of remedies was invoked to prevent the inequitable exercise of two inconsistent rights.
The order appealed from is reversed.