63 389<br>164s 602

## Maud H. Van Schaack v. Anna E. Leonard, Mary J. Schuyler and Henry T. Byford.

1. WILLS—*Construction of—Election of Beneficiaries.*— When it appears from a will that it was the intention of the testator to dispose of the property of one who is a beneficiary under another clause of the will, the beneficiary, by accepting the benefit, is barred from claiming what would otherwise be a clear right to his property so disposed of.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

BULKLEY, GRAY & MORE, attorneys for appellant.

Where a policy of insurance is issued the wife, payable to her, or in case of her death before her husband, to her children, the husband can not, after her death, surrender the policy and take out a new one for his own benefit. 2 May on Insurance, Sec. 392; Chapin v. Fellow, 36 Conn. 132; Fraternal Mutual Life Ins. Co. v. Applegate, 7 O. St. 292; Gould v. Emerson, 99 Mass. 154; Bailey v. New England, etc., Co., 115 Mass. 177; Succession of Kugler, 23 La. An. 455.

The beneficiary takes a vested interest the moment the policy is issued, unless the agreement, by charter or otherwise, contains a provision inconsistent with such a construction. A life policy and the money that may become due on it belongs, the moment it is issued, to the beneficiary named in it, and the person procuring the insurance has no power by deed of assignment or will to surrender the policy, or issue a renewal, or by any other act transfer the interest to any one else. 2 May on Ins., Sec. 399, L; Central Bank of Washington v. Hume, 128 U. S. 195; Pingrey v. Nat. Life Ins. Co., 144 Mass. 374; Weisert v. Muehl, same, 336; Wilmaser v. Continental Life Ins. Co., 66 Ia. 417; Allis v. Ware, 28 Minn. 166; City Savings Bank v. Whittle, 63 N. H. 587; Wilburn v. Wilburn, 83 Ind. 55; Hooker v. Sugg, 102 N. C. 115.

His right can not be affected by any acts of the assured subsequent to the execution of the policy except it be a breach of condition, unless by the charter or otherwise it is part of the original agreement that the beneficiary may be changed, or the beneficiary and the person procuring the insurance enter into an agreement as to what control each shall exercise over the policy. Then the indefeasible interest otherwise vesting in the beneficiary may not arise. If A takes out a policy for his children, the interest vests in them, and if A afterwards surrenders the policy on receiving the cash value of it, he is liable to the children to that amount. 2 May on Insurance, Sec. 399, L; Kline v. National Benefit Ass'n, 111 Ind. 452; Waldrom v. Waldrom, 77 Ala. 285; Supreme Lodge v. Schmidt, 98 Ind. 374.

In the instance of contracts of insurance with a wife or children, or both, upon their insurable interest in the life of the husband or father, the latter, while they are living, can exercise no power or disposition over the same without their consent; nor has he any interest therein of which he can avail himself; nor upon his death have his personal representatives, or his creditors, any interest in the proceeds of such contracts, which belong to the beneficiary to whom they are payable. It is indeed the general rule that a policy and the money to become due under it belongs, the moment it is issued, to the person or persons named in it as beneficiary or beneficiaries, and that there is no power in the person procuring the insurance, by any act of his, by deed or by will, to transfer to any other person the interest of the person named. Central Bank of Washington v. Hume, 128 U. S. 195; Bliss on Ins., 2d Ed. 517; Glanz v. Gloeckler, 10 Ill. A. 484; 104 Ill. 573; Wilburn v. Wilburn, 83 Ind. 55; Ricker v. Charter Oak Ins. Co., 27 Minn. 193; Charter Oak Ins. Co. v. Brandt, 47 Mo. 419; Gould v. Emerson, 99 Mass. 154; Knickerbocker Life Ins. Co. v. Weitz, 99 Mass. 157; Kline v. National Benefit Ass'n, 11 N. E. Rep. 620.

It is undoubtedly a well settled rule of equity that if a person shall take a beneficial interest under a will, he shall be held to thereby confirm and ratify every other part of the will; or, in other words, a man shall not take a beneficial interest under a will and at the same time set up any right which shall defeat or in any way prevent the full effect and operation of every part of the will. Hyde v. Baldwin, 17 Pick. 303; Gorham et al. v. Dodge, 122 Ill. 535.

If a testator devises an estate belonging to his son to a third person, and in the same will bequeaths an interest to his son, his son must either relinquish his right to his own estate or to the legacy bequeathed to him. Wilbanks v. Wilbanks, 18 Ill. 17; Brown v. Pitney, 39 Ill. 472; Wooley v. Schrader, 116 Ill. 29, 37; Ditch et al. v. Senate et al., 117 Ill. 362, 367.

The intention of the author of the will to dispose of property which is not his, must be manifest; that is, such must clearly appear to be the intention. Wilbanks v. Wilbanks, 18 Ill. 17.

The defendants seek to invoke the doctrine of election in this case to defeat the claim of the appellant. This doctrine has no application to a case where the testator had but a part interest in an estate, and such interest only was devised. Ditch et al. v. Senate et al., 117 Ill. 362.

In determining this question, parol evidence is inadmissible to raise an election. Jarman on Wills, 6th Ed., s. p. 424. Lord Commissioner Eyre, in Blake v. Bunbury, 1 Vesey, Jr., 523, laid it down that " the intention of the testator to dispose of that which was not his, ought to appear on the will."

The admissibility of extrinsic evidence, too, is strongly denied by Lord Loughborough in Stratton v. Best, 1 Vesey, Jr., 285. The case of Cavan v. Pultenay, 2 Vesey, Jr., 544, and 3 Vesey, Jr., 384, was disapproved by Lord Loughborough in Rutter v. Maclean, 4 Vesey, Jr., 537, and by Lord Eldon in Pole v. Lord Sommers, 6 Vesey, Jr., 322, and Druce v. Dennison, 6 Vesey, Jr., 402.

It must appear on the face of the will that the testator proposes that there should be an election and as to what subjects. Doe v. Chichester, 4 Dow. 76, 89, 90. See also Clementson v. Gandy, 1 Keen 309; Dixon v. Sampson, 2 Y. & C. 566.

Parol evidence is admissible in this class of cases to the same extent as in other cases in aid of the construction of written instruments, and no further. You may show the condition of the subject-matter and the surrounding circumstances so as to place the court in the position of the testator. But his purpose to put the devisee to his election must appear from the will itself. 2 Redfield on Wills (3d Ed.), 745; Fitzhugh v. Hubbard, 41 Ark. 24; 2 Redfield on Wills, 3d Ed. 360, Sec. 16.

The intention as manifested by the will itself to raise a question of election must be clear and decisive; 1 Jarman on Wills, 6th Ed., 426; Drummer v. Pitcher, 2 M. & K.

262; 5 Sims, 35; Cavan v. Pultenay, 2 Vesey, Jr., 544; 3 Vesey, Jr., 284; Pole v. Somers, 6 Vesey, Jr., 309; Honywood v. Forster, 30 Beav. 14; In re Gilmore, 81 Calif. 240; Havens v. Sackett, 15 N. Y. 365; Lefevre v. Lefevre, 59 N. Y. 434; Church v. Bull, 2 Denio 430; 5 Hill 206; Fuller v. Yates, 8 Paige 825; Jones v. Jones, 8 Gill 197; Crabb v. Crabb, 1 M. & K. 511: Blommart v. Player, 2 S. & St. 597; Parker v. Carter, 4 Hare 411; Smith v. Lynne, 2 Y. & C. C. C. 445; Seaman v. Woods, 24 Beav. 381; Atty. Gen. v. Fletcher, 5 L. J. (N. S.), (Ch.) 75; Timewell v. Perkins, 2 Atk. 102.

WM. H. BARNUM, attorney for appellees.

The doctrine of election, which we rely upon as a defense to the claim of appellant's bill, is fairly stated by appellant on the authority of Hyde v. Baldwin, 17 Pick. 303, and Gorham v. Dodge, 122 Ill. 535.

In a more condensed form it is stated in Wilbanks v. Wilbanks, 18 Ill. 19, that parties may not at the same time take under the will and contrary to it, and in Brown v. Pitney, 39 Ill. 472, that the beneficiary under a will must accept the instrument in its entirety or not all.

What gives rise to the duty of election is the circumstances and the law of equitable estoppel. In Wilbanks v. Wilbanks, 18 Ill. 20, the Supreme Court said :

"We think the circumstances clearly present a case for election, and assuming the fact to be as is alleged, that the provisions of the will have been accepted, the plaintiffs are estopped in equity and conscience from all claim to this tract of their own, which is given to the defendant." And again, "If the testator should devise an estate belonging to his son, or heir at law, to a third person, and should in the same will bequeath to his son, or heir at law, a legacy of one hundred thousand dollars, etc., an implied or constructive election is raised. The son or heir must relinquish his own estate or the bequest under the will."

No man can claim any benefit under a will without conforming as far as he is able, and giving effect to everything

contained in it, whereby any disposition is made showing an intention that such a thing shall take place, without reference to the circumstance whether the testator had any knowledge of the extent of his power or not. Brown v. Pitney, 39 Ill. 472; Whistler v. Webster, 2 Vesey, Jr. 379; Thelusson v. Woodforde, 13 Ves. 221.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In the lifetime of Doctor William H. Byford, now deceased, two life insurance policies upon his life were taken out—one dated July 15, 1857, in the Mutual Benefit Life Insurance Company of Newark, New Jersey, for $5,000, and the other dated January 16, 1864, in the Equitable Life Assurance Society of the United States for $10,000.

Said policies were, by their terms, although in different language, payable to Mary Ann Byford, his wife, if living at his death, and if she were not then living, to their children.

The proceeds of these two policies comprise the subject-matter of this litigation, and except when other policies are specifically mentioned, these policies are the ones hereinafter referred to.

The said Mary Ann Byford died March 3, 1864, leaving three daughters, of whom the appellant was one, and two sons, the children of herself and the said Doctor Byford, surviving her.

After the death of his said wife, the said Dr. Byford took out two other policies of insurance upon his life, one dated December 3, 1864, in the said Equitable Life Assurance Society for $10,000, and the other dated August 26, 1875, in the Ætna Life Insurance Company of Hartford, Connecticut, for $4,000, both of which policies were payable at his death to the appellant, his daughter.

He also took out two other policies upon his life, one dated July 24, 1875, for $5,000, payable to his second wife, and the other dated July 14, 1884, for $1,500; payable to his executors.

In the meantime, and on October 14, 1883, William H.

Byford, junior, one of the said sons, departed this life, leaving a widow, and his father and his one brother and three sisters, the parties hereto, but no child, surviving him.

Finally, and on May 21, 1890, the said Doctor William H. Byford himself died, testate, leaving no child by his second wife, but leaving the appellant and the appellees, children of his first wife, Mary Ann, and his widow, his said second wife, surviving him.

His last will and codicil were duly witnessed, and were as follows:

" Last will and testament of William H. Byford:

I, William H. Byford, of Chicago, Illinois, physician, declare this to be my last will and testament, hereby revoking all former wills by me made.

First.    I direct that all my just debts be paid.

Second.    I give, devise and bequeath to my wife, Lina W. Byford, my house and grounds on Indiana avenue, in Chicago, now occupied by me as a residence, together with all of the furniture, pictures, plate, linen, china and household goods and utensils therein, and also my barn and its furniture and appliances, together with all of my carriages, horses, harnesses, blankets and robes therein.

Third.    I give and bequeath to my son, Dr. Henry T. Byford, all of my medical books and library, my medical and surgical instruments and apparatus, wherever found, and also my office furniture and fixtures.

Fourth.    I give, devise and bequeath to my granddaughter, Leolin Leonard, the two southern tenement houses in my new block of buildings erected on lots eighteen and nineteen in block four of Graves' subdivision, and the grounds therewith, being on South Park avenue, in Chicago, between Thirty-second and Thirty-third streets.

Fifth.    I give and bequeath to my children, Dr. Henry T. Byford, Mary Jane Schuyler and Anna Byford Leonard, in equal shares, the proceeds derived from all insurance policies upon my life, except from the policies wherein my daughter, Maud H. Byford, is the beneficiary.

Sixth.    All the rest and residue of my estate, of every

kind and nature, I give, devise and bequeath to my children, Dr. Henry T. Byford, Mary Jane Schuyler, Anna Byford Leonard and Maud H. Byford, to be divided equally between them, share and share alike.

Seventh.   I appoint my wife, Lina W. Byford, executrix, and my son, Dr. Henry T. Byford, executor, of this my will, and direct that no bonds or security be required of them as such executrix or executor.

Witness my hand and seal at Chicago, Illinois, this twentieth day of December, A. D. 1886.

                    WM. H. BYFORD.   [SEAL.]

CODICIL.

I make the following codicil to my last will and testament, dated December 20, 1886, hereby re-affirming all the provisions of said will, except as hereinafter expressed.

I give and devise to my wife, Lina W. Byford, the house and lot known as number thirty-four hundred and twenty-two (3422) Vernon avenue, in Chicago, and to my daughter, Maud H. Byford, the house and lot known as thirty-four hundred twenty-eight (3428) Vernon avenue, in Chicago, with the respective appurtenances.

Witness my hand this thirty-first day of December, in the year of our Lord eighteen hundred eighty-eight.

                    W. H. BYFORD.   [L. S.] "

Wherever in the will and codicil Maud H. Byford is named the appellant is meant, she having subsequently married Mr. Cornelius P. Van Schaack.

The will and codicil were duly admitted to probate, and the persons therein appointed as such were duly qualified as executrix and executor thereof.

Proofs of death under the policies were duly made, the appellant and appellees joining in the making thereof as the beneficiaries under said policies, and the claims were duly allowed by the insurance companies.

The usual form of receipts required in such cases were signed by both appellant and appellees, and bank checks for the amount of the claims as allowed were drawn by the companies to the order of all the parties, by name, and were

indorsed by all of them.   The money was collected on the checks by the appellee Henry T. Byford, or by Mr. Schuyler, the husband of appellee Mary J. Schuyler, and was distributed to the appellees in equal parts, excluding appellant from any portion thereof.

Thereafterward the appellant filed her bill for an accounting by appellees of the moneys so received by them, which bill, upon hearing, was dismissed for want of equity, and this appeal is therefrom.

The contention of appellant is, that she was entitled to her proportion of the money collected under said two policies.   The appellees on the other hand contend that appellant having elected and in fact taken the provision made for her under the will of her father, may not have both that provision and a share in the insurance money.

It does not seem that there can be much doubt but that Doctor Byford intended by the fifth clause of his will to give to the appellees all the insurance money to be derived from the policies upon his life except such as were made exclusively payable to the appellant by name.   Language could scarcely make such intention plainer.

Excluding the policy which was payable to the second wife of Doctor Byford (and such policy is excluded from every inference that might be drawn from anything said in this opinion), there was at the date of his will, and at the date of his death, a total amount of $30,500 dependent upon his life, of which $14,000 was payable to the appellant, and was unquestionably what he referred to in his will as being for her benefit.

The record discloses that beyond the insurance policies, and the premises devised to his second wife and to appellant, the estate was a small one, and if a reason were required or admissible, the record affords abundant justification why appellant should have been intended by him to be excluded from participating in the proceeds of the two policies in question.   The meaning of the words employed is, however, clear, and does not need interpretation or aid.

It appears that the policies were found in Doctor Byford's

safe after his death, together with all premium receipts from their dates, and that he always paid the premiums.

It would seem from such circumstances, coupled with the fact that he attempted to dispose of the policies, that he claimed to have the right to do so, or at least to put appellant to her election as to which she would have.

Now if intending to dispose of his estate, he included in his gift to others property which already belonged to appellant, and gave to her something else, she is estopped, under the doctrine of election, from claiming both. She must either yield her right to the property already owned by her, or renounce as to that which is given to her. She can not have both.

" The beneficiary under a will can not insist that the provisions in his favor shall be executed and those to his prejudice annulled." Brown v. Pitney, 39 Ill. 468.

In the last cited case the opinion was written by Mr. Justice Lawrence, and after saying that the doctrine was founded " upon so clear a principle of natural equity that it must necessarily be recognized in every system of enlightened jurisprudence," he quoted from Lord Alvanley, in Whistler v. Webster, 2 Vesey, Jr., 370, that " no man shall claim any benefit under a will without conforming as far as he is able, and giving effect to everything contained in it, whereby any disposition is made showing an intention that such a thing shall take place, without reference to the circumstance whether the testator had any knowledge of the extent of his power or not."

And again, from Lord Erskine, in the case of Thelusson v. Woodford, 13 Vesey, 221, that " if a testator, intending to dispose of his property * * * mixes, in his disposition, property that belongs to another person, or property as to which another person has a right to defeat his disposition, giving to that person an interest by his will, that person shall not be permitted to defeat the disposition where it is in his power, and yet take under the will. The reason is, the implied condition that he shall not take both, and the consequence follows that there must be an election; for

though the mistake of the testator can not affect the property of another person, yet that person shall not take the testator's property unless in the manner intended by the testator."

It was held, in Wilbanks v. Wilbanks, 18 Ill. 17, that where a testator should devise to a third person an estate which belonged to his (testator's) son, and should by the same will bequeath to his son a moneyed legacy, a case for election arose, and that the son must either relinquish his own estate or the bequest under the will, and that decision was cited approvingly in Brown v. Pitney, *supra*.

And again in Gorham v. Dodge, 122 Ill. 528, the rule laid down by Chief Justice Shaw in Hyde v. Baldwin, 17 Pick. 303, was approved; that whoever takes any beneficial interest under a will shall be held to ratify and confirm every other part of the will; and that no man shall take a beneficial interest under a will, and at the same time set up any right of his own, even if legal and well founded, which shall defeat or in any way prevent the full effect and operation of every part of the will.

The like doctrine is stated in 1 Jarm. on Wills (Bigelow's Ed.), 443, where it is said : " He who accepts a benefit under a deed or will must accept the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it. If, therefore, a testator has affected to dispose of property which is not his own, and has given a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefit so given to him must make good the testator's attempted disposition;" and on page 445, the same author says, " it is immaterial in regard to the doctrine of election, whether the testator, in disposing of that which is not his own, is aware of his want of title, or proceeds on the erroneous supposition that he is exercising a power of disposition which belongs to him; in either case, whoever claims in opposition to the will must relinquish what the will gives him."

Where, therefore, it appears from the will that it was the

intention of the testator to dispose of the property of one who is a beneficiary under another clause of the will, the beneficiary by accepting the benefit is barred from claiming what would, otherwise, be a clear right to his or her property so disposed of.

That it was the manifest intention of Doctor Byford by his will to dispose of the two policies in question in which the appellant had a vested property right, can hardly admit of question, if the fair meaning of the words he employed shall be accorded to them. He did not speak of them possessively as his own, but as " all insurance policies upon my life." But it is not necessary to prolong this opinion, although numerous other propositions are argued with pertinacity and force.

The intention of the testator, expressed by his will, seems to be plain, and it is conceded that the appellant accepted the other provisions of the will which are beneficial to her, and it is not denied that such beneficial provisions were of greater value than appellant's interest in the two policies in question.

The judgment of the Circuit Court is affirmed.