WILLIAM P. HAMMOND *et al.* impleaded, etc.

*v.*

THE PEOPLE, for use, etc.

*Announced orally at Springfield January 13, 1897.*

1. APPEALS AND ERRORS—*language of Practice act as to appeals construed.* The provision of the Practice act, (Rev. Stat. 1874, p. 783, sec. 70,) that either of two or more persons against whom judgment is rendered "shall be permitted to remove such suit to the appellate court by appeal or writ of error, and for that purpose shall be permitted to use the names of all of said persons," etc., allows one party to use the names of all as plaintiffs in a writ of error, but does not authorize one party to appeal in behalf of all.

2. SAME—*parties joining in an appeal must give bond.* In an appeal under section 70 of the Practice act each party who appeals must give bond for himself, or there must be a joint appeal and bond.

3. SAME—*when leave to perfect appeal will be granted by higher court.* Parties who attempt to appeal, though they fail to perfect the appeal by giving bond, and rely upon an appeal taken and bond given in their behalf by their co-defendant, may be granted leave to file bond and perfect their appeal in the higher court.

APPEAL from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

The appellants, William P. Hammond, Ruth H. Hammond and Mary E. Hammond, who were the defendants below, prayed and were allowed an appeal from the judgment of the circuit court upon giving bond by them or either of them. The appeal bond of William P. Hammond, one of the defendants, was filed, with sureties, as required by the order of court, which bond was duly approved. The bond which was filed recited that said appellants jointly and severally prayed an appeal, which was allowed, and the condition of the bond was, that "if the said William P. Hammond, who appeals for himself and for his co-defendants, said Mary E. Hammond and Ruth H. Hammond, shall prosecute said appeal without delay and with effect," etc. All the appellants, jointly and severally, made assignments of error upon the rec-

ord, and nothing appeared to show that Ruth H. Hammond and Mary E. Hammond were joined in the appeal without authority.

Appellees moved to dismiss the appeal as to Ruth H. Hammond and Mary E. Hammond "because they have failed to enter into or give an appeal bond, as required by law," etc., and because "the bond given in this cause, as the record shows, is not signed by either said Ruth or Mary, or by any one authorized to sign for them." The motion to dismiss was resisted by appellants, but leave was also asked by them, in case the motion to dismiss should be held to be well taken, "to file a new amended or additional bond by them or on the part of said Ruth and Mary Hammond," or that "they be allowed to stand as plaintiffs in error impleaded with the said William P. Hammond, upon their errors already assigned." The questions decided arose upon the motion to dismiss the appeal and upon the cross-motion above set forth.

MANIER, MILLER & WILLIAMS, O'HARRA & SCOFIELD, and TRUMAN PLANTZ, for appellants.

WILLIAM N. GROVER, for appellees.

Mr. JUSTICE PHILLIPS announced the opinion of the court:

This is a motion to dismiss the appeal as to Ruth H. Hammond and Mary E. Hammond. It appears from an examination of the appeal bond that William P. Hammond filed said bond for himself and for his co-defendants, Mary E. Hammond and Ruth H. Hammond. The latter parties, while allowed an appeal by the order of the circuit court and assigning errors on the record, have filed no bond. Appellants rely upon section 70 of the Practice act as authorizing the appeal in the manner here attempted, by one defendant for and in behalf of his co-defendants. The section in question is as follows: "In all cases where a judgment or decree shall be ren-

dered in any circuit court or in the Superior Court of Cook county, or in any city court, in any case whatever, either in law or in chancery, against two or more persons, either one of said persons shall be permitted to remove such suit to the appellate court by appeal or writ of error, and for that purpose shall be permitted to use the names of all of said persons, if necessary; but no cost shall be taxed against any person who shall not join in said appeal or writ of error. All such cases shall be determined in said appellate courts as other suits are, and in the same manner as if all the parties had joined in such appeal or writ of error." This section and the practice recognized allow one party to use the names of all as plaintiffs in suing out a writ of error, but the right "to use the names of all of said persons, if necessary," does not, in the opinion of the court, enable one party to appeal in behalf of all. Each appellant must for himself file bond, or there must be a joint appeal and bond or a several appeal by the appellants.

There is, however, a cross-motion that, if this appeal has not been properly perfected, leave be given to file an additional or amended bond. Inasmuch as it is apparent that this is an effort to appeal by Mary E. Hammond and Ruth H. Hammond, although not in fact perfected, the motion to dismiss the appeal will be denied and leave will be granted upon the cross-motion, to the appellants Ruth H. Hammond and Mary E. Hammond, to file an appeal bond with sufficient security, to be approved by the clerk of this court, which bond shall be filed within fifteen days from this date, such bond to be in the same sum required by the order of the circuit court allowing the appeal.                                    *Motion denied.*