CHRISTINA BUCHANAN *et al.*

*v.*

JOHN McLENNAN.

*Opinion filed October 24, 1901.*

WILLS—*parties electing to take under will must accept it in its entirety.* Parties electing to take under a will cannot insist that the provisions in their favor shall be executed while those to their prejudice shall be annulled.

APPEAL from the Circuit Court of Stark county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

This is a bill in chancery filed by Finley McLennan, Christina Buchanan, Mary A. Matheson, Rebecca McLean and Margaret Finlayson, the son and daughters of Barbara McLennan, deceased, against John McLennan, the only child of Duncan McLennan, deceased, (a son of said Barbara McLennan, who died intestate in the year 1880,) in the circuit court of Stark county, for the partition of 34.43 acres of land situated in said county, and described as the north half of lot No. 2, of the south-west quarter of section No. 19, in township No. 14, north, range 6, east, in said county. The defendant answered, averring that he was the absolute owner of said land, and denying that the complainants were entitled to the relief prayed for. A replication was filed and the cause referred to the master in chancery of said court to take proofs and report his conclusions. The master found in favor of the complainants, and the circuit court sustained exceptions to his report and entered a decree dismissing the bill for want of equity, from which decree all of the complainants, with the exception of Margaret Finlayson, have prosecuted an appeal to this court.

The land in question was entered in the name of Barbara McLennan on the first day of January, 1850, she at that time being the wife of John McLennan. On the 7th day of June, 1859, she joined with her husband in a war-

ranty deed conveying said tract of land, and other lands belonging to her husband, to one William Stevenson for the expressed consideration of $10,000. On the 27th day of February, 1860, the said Stevenson re-conveyed all the lands which had been so conveyed to him, to the said John McLennan for the expressed consideration of $11,000. John McLennan remained in possession of all of said lands until his death, which occurred in the year 1872. He died testate, and left him surviving Barbara McLennan as his widow, the complainants, Duncan McLennan, the father of the defendant, John K. McLennan and Georgiana McLennan, as his children and sole heirs-at-law.   John K. and Georgiana have since died without leaving issue them surviving. By his will he devised and bequeathed all his property to his family,—to his son Finley and to the heirs of his body lawfully begotten, eighty acres of land; to his son John K., one hundred and eighty acres; to his son Duncan, two hundred and sixty acres, subject to an annuity of $200 to be paid to the widow of the testator, which was made a charge thereon; to Christina Buchanan, $500; to Mary A. Matheson, $1000; to Rebecca McLean, $1200; to Margaret Finlayson, $1000, and to Georgiana McLennan, $1200,—which provisions were accepted by each of the said children. Barbara McLennan declined to take under the will and elected to take under the law, and in the year 1873 commenced a proceeding in the circuit court of Stark county for the assignment of her dower out of the lands of her husband. The petition described the premises in controversy as a part of the lands belonging to her husband at the time of his death.   The quarter section embracing this tract, excepting six acres, was set off to her as her dower, which she occupied from that time until the time of her death, on the 15th day of January, 1899.   In 1881 the complainants filed their bill in chancery against the defendant in this case and others, in the circuit court of Stark county, to set aside the will of said John McLen-

nan on the ground of mental incapacity and undue influence. The case was submitted to a jury, and resulted in a verdict sustaining the will, which decree was affirmed by this court on appeal. The land in controversy was inventoried in the county court as a part of the lands of John McLennan, deceased, and also as a part of the real estate of Duncan McLennan, deceased, subject to the life estate of said Barbara McLennan therein, as widow of John McLennan, deceased.

MARTIN SHALLENBERGER, and ALEX. McLEAN, for appellants.

A. P. MILLER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended by the appellants that the deeds from John McLennan and wife to William Stevenson and from William Stevenson and wife to John McLennan are void, and that the title to said land never passed out of Barbara McLennan, and that at the time of her death she was seized of the same in fee simple, for the reasons, first, there is no proper description of the tract in controversy in either of said deeds; second, there is no sufficient acknowledgment of the deed to Stevenson by Barbara McLennan to pass her title; and third, there was no consideration moving to Barbara McLennan, and by reason of the confidential relation existing between husband and wife such voluntary conveyances did not pass the title of her separate property to her husband. If it be conceded that such contention is correct and that Barbara McLennan was the owner of said premises at the time of her death, still we are of the opinion the decree of the circuit court dismissing said bill must be affirmed on other grounds.

The doctrine of election, as between inconsistent rights, is well established, and its most frequent application has been made to persons taking title under wills,

and as applied to such it means they may not at the same time take under a will and contrary to it.  He who would accept the bounty of another must do so upon such terms and conditions as the donor may choose to impose.  One who takes under a will cannot therefore insist that the provisions in his favor shall be executed while those to his prejudice be annulled.  He must accept the will in its entirety or not at all.  *Wilbanks* v. *Wilbanks*, 18 Ill. 17; *Brown* v. *Pitney*, 39 id. 468; *Woolley* v. *Schrader*, 116 id. 29; *Ditch* v. *Sennott*, 117 id. 362; *Gorham* v. *Dodge*, 122 id. 528; *Carper* v. *Crowl*, 149 id. 465; *Fry* v. *Morrison*, 159 id. 244; *VanSchaack* v. *Leonard*, 164 id. 602.

In *Wilbanks* v. *Wilbanks, supra,* Wilbanks had several children.  He purchased forty acres of land in the name of his wife, who afterward died.  He married a second time and by the last marriage had one child.  By his will he gave said forty acres of land to his wife, and at her death the same was to go to her said child.  He gave bequests and legacies to the children of the first marriage, which were accepted.  These children, as heirs of their mother, afterwards, by ejectment, sought to recover the forty acres bequeathed to the child of the second marriage, and it was held that the children of the first marriage, having elected to take under the will, could not afterwards divest the child of the second marriage of said forty acres although the father had by his will disposed of land not belonging to him.  On page 19 of the opinion it is said: "We think the circumstances clearly present a case for election.  *  *  *  The provisions of the will have been accepted.  The plaintiffs are estopped in equity and conscience from all claim to this tract of their own, which is given to the defendant.  In the general language of the authorities, they may not at the same time take under the will and contrary to it."

In *Brown* v. *Pitney, supra,* on page 472 it is said: "The doctrine of election, as between inconsistent rights, has been long established.  Although founded on a principle

that is just everywhere, its most frequent practical application has been to devisees and legatees in wills. As applied to them it means, simply, that he who would accept the bounty of another must do so upon such terms and conditions as the donor may choose to impose. The beneficiary under a will cannot insist that the provisions in his favor shall be executed and those to his prejudice annulled. He must accept the instrument in its entirety or not at all. This is a doctrine founded upon so clear a principle of natural equity that it must necessarily be recognized in every system of enlightened jurisprudence."

In *Woolley* v. *Schrader, supra,* on page 37 the following language from 2 Jarman on Wills is quoted with approval: "He who accepts a benefit under a will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it."

In *Gorham* v. *Dodge, supra,* on page 535 this court approves the language of Chief Justice Shaw in *Hyde* v. *Baldwin,* 17 Pick. 303, where the rule was stated by that eminent jurist as follows: "It is now a well settled rule in equity, that if any person shall take any beneficial interest under a will he shall be held thereby to confirm and ratify every other part of the will,—or, in other words, a man shall not take any beneficial interest under a will and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat or in any way prevent the full effect and operation of every part of the will."

In *Carper* v. *Crowl, supra,* on page 476 the court say: "If a testator intending to dispose of his property includes in the disposition property of another person and at the same time gives to such other person an interest in the estate of the testator, such person will not be permitted to defeat the disposition made by the will and at the same time take under it. He is put to his election whether he will retain his own property or take the bene-

fit conferred by the will.  * * *  For, if the donee be permitted to accept the benefit and at the same time decline the burden, it is to defraud and defeat the intent and design of the donor."

In *VanSchaack* v. *Leonard, supra,* on page 607 the court say: "The doctrine of election rests upon the ground that one who asserts a claim to property under a will must acknowledge the equitable rights of all other parties under the same will."

In this case the appellants accepted the provisions made for them in their father's will.  They are therefore bound by the terms thereof and cannot now deprive the appellee of the devise, or any part thereof, given to him by the terms of said will.

The decree of the circuit court will be affirmed.

*Decree affirmed.*