ELLA NORRIS et al.

v.

CHARLES DOWNING et al.

196    91
202   ¹482

*Opinion filed April 16, 1902.*

1. APPEALS AND ERRORS—*effect where only one party appeals from decree.* If only one of the complainants in a cross-bill appeals from the decree dismissing such cross-bill, the assignment of errors must be treated as the assignment of errors by such party only, and if the decree is right as to such party it must be affirmed.

2. WILLS—*party taking under a will adopts all its provisions.* A party electing to accept the provision made for her in a will can not dispute another provision of the will devising certain real estate to another party, upon the ground that the testator was not the sole owner of the premises, but only a joint owner with his wife.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

OWEN & OWEN, and OWEN T. REEVES, for appellants.

JOHN E. POLLOCK, and LOTT R. HERRICK, (SIG. LIV-INGSTON, and EARL D. RIDDLE, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

On December 29, 1866, Eli J. Everett conveyed to Jesse and Cynthia Downing, husband and wife, by warranty deed, the east half of the south-east quarter of section 33, township 22 north, range 5, east of the third principal meridian, McLean county, Illinois. On March 2, 1885, Jesse and Cynthia Downing executed and delivered to the Mutual Benefit Life Insurance Company of Newark, New Jersey, a mortgage on said premises to secure their promissory note for $1200, due five years after date, with interest at six per cent per annum, which note and mortgage were subsequently assigned and are now owned by Samuel Strock. Cynthia Downing died on February 15, 1888, and Jesse Downing on February 17,

1890. On November 8, 1893, Charles Downing executed and delivered to Charles J. Connor a mortgage on said premises to secure the payment of his promissory note for the sum of $1050, due five years after the date thereof, with interest at seven per cent per annum, payable semi-annually, which note and mortgage have also been assigned and are now owned by Samuel Strock. On January 1, 1898, Charles Downing executed and delivered to Frank Bishop a mortgage on said premises to secure the payment of his promissory note for the sum of $1000, due one year after date, with interest at seven per cent per annum. On July 26, 1899, Samuel Strock filed a bill in chancery in the circuit court of McLean county to foreclose the mortgage bearing date March 2, 1885, making the heirs-at-law of Jesse and Cynthia Downing, deceased, and Frank Bishop, parties defendant. Bishop answered, and filed a cross-bill to foreclose his mortgage. Strock answered the cross-bill of Bishop and set up the Connor mortgage, and asked that the same be foreclosed. The following heirs of Jesse and Cynthia Downing, deceased, viz.: John R. Downing, a son; Susan D. Smith, a daughter; Hiram Downing, a son; Oscar Kohler, a grand-son, the son of a deceased daughter; Ella Norris, a grand-daughter, the daughter of a deceased daughter, and John Downing, Mary D. Schilds, Claud G. Downing, Kirk Downing and Frankie Downing, the children of a deceased son, thereupon filed a cross-bill against Charles Downing, a son of Jesse and Cynthia Downing, deceased, Lucy Downing, Nora Downing, Thoda Downing and Albert Downing, the widow and children of Luther Downing, a deceased son of Jesse and Cynthia Downing, and Samuel Strock and Frank Bishop, averring that the said premises, at the time of the death of Cynthia Downing, deceased, were owned jointly by Jesse and Cynthia Downing; that Jesse Downing died testate, and that by his last will and testament he devised his interest in said premises to Charles Downing, his son, but that Cynthia

Downing died intestate, and that her interest in the said premises descended to her heirs as intestate property, subject to the mortgage thereon bearing date March 2, 1885; that the Connor and Bishop mortgages were liens, respectively, only upon the interest of Charles Downing in said premises as devisee of Jesse Downing, deceased, and heir of Cynthia Downing, deceased, and asked that the undivided one-half of said premises, and which had formerly belonged to Cynthia Downing, deceased, be partitioned between her heirs, subject to the mortgage of $1200 given thereon by Jesse and Cynthia Downing to the Mutual Benefit Life Insurance Company and sought to be foreclosed by the original bill filed by Samuel Strock, and that the Connor and Bishop mortgages be held to be liens, respectively, only upon the interest of Charles Downing in said premises. Charles Downing answered said cross-bill for partition, admitted the validity of the three mortgages; that they were due and unpaid and valid liens upon the premises, and claimed title to all of said premises in fee under the will of Jesse Downing, deceased, and as purchaser from Jesse Downing and Cynthia Downing.

Upon the final hearing the court entered a decree of foreclosure and sale of all of said mortgages, and held that Charles Downing was the owner in fee of said premises, subject to said mortgages, and that the other heirs of Jesse and Cynthia Downing, deceased, had no interest therein, and dismissed the cross-bill for partition for want of equity. No appeal was prayed from that part of the decree providing for the foreclosure of said mortgages and the sale of said premises to satisfy that part of the decree, but Ella Norris, one of the complainants in the cross-bill for partition, prayed an appeal from that part of the decree which dismissed the cross-bill for partition, and filed an appeal bond, signed by herself as principal and David Crumbaugh as surety, which appeal bond recites that "said Ella Norris, in behalf of herself

and the other complainants in said cross-bill for partition, has prayed for and obtained an appeal to the Supreme Court of this State," and the assignment of errors attached to the record filed in this court is made by "Ella Norris *et al.* appellants," and calls in question only the rulings of the trial court with reference to the matters involved in the hearing and dismissal, for want of equity, of the cross-bill for partition.

The only person complaining in this court of the action of the trial court in dismissing said cross-bill for partition is Ella Norris, as only parties to the suit who have appealed have a right to assign errors upon the record, and one appellant may not assign errors on behalf of a party who does not appeal. (2 Ency. of Pl. & Pr. 931; *Morse* v. *Smith,* 83 Ill. 396; *Beal* v. *Harrington,* 116 id. 113; *Howe* v. *South Park Comrs.* 119 id. 101; *Hammond* v. *People,* 164 id. 455.) If the complainants in the cross-bill for partition, other than Ella Norris, were dissatisfied with the ruling of the court in dismissing said cross-bill, they should have joined with her in praying and perfecting an appeal or should have obtained a severance and perfected an appeal. (*Hileman* v. *Beale,* 115 Ill. 355.) In speaking of section 70 of the Practice act, in *Hammond* v. *People, supra,* we say (p. 457): "This section and the practice recognized allow one party to use the names of all as plaintiffs in suing out a writ of error, but the right 'to use the names of all said persons, if necessary,' does not, in the opinion of the court, enable one party to appeal in behalf of all. Each appellant must for himself file bond, or there must be a joint appeal and bond or a several appeal by the appellants." As the cross-complainants, other than Ella Norris, neither prayed an appeal nor signed an appeal bond, they have no appeal pending in this court, and as they have not appealed they cannot assign errors, as appellants, upon the record, neither can Ella Norris assign errors on their behalf. The assignment of errors will therefore be treated only as an assign-

ment of errors by Ella Norris, and if the cross-bill for partition was rightfully dismissed as to her, as we think it was, the decree must be affirmed.

On the second of March, 1885, Jesse Downing made a last will and testament, by the terms of which, after giving his son John $10, his son Washington $10, his son Hiram $10, his daughter Susan $10, the heirs of his deceased daughter Mary $10, and his son Luther $5, by the seventh clause thereof he provided: "I give, devise and bequeath to Ella Norris, daughter of Olive Norris, deceased, all my household goods and kitchen furniture and other personal property not otherwise disposed of in this will;" and by the ninth clause thereof: "I hereby give, devise and bequeath to my son Charles Downing the east half of the south-east quarter of section 33, township 22, north, range 5, east of the third principal meridian, McLean county, Illinois,"—which will was duly admitted to probate, and Charles Downing, the executor therein named, duly qualified, and on July 6, 1893, all the household goods and kitchen furniture left by Jesse Downing, deceased, were turned over by said executor to said Ella Norris and received by her in full of said legacy and bequest. Ella Norris, having accepted the provision made for her by her grandfather, Jesse Downing, deceased, by his last will and testament, thereby adopted all of the provisions contained in said will, and cannot now be heard to say that Charles Downing did not take title by virtue of said will to the premises in controversy. *Buchanan* v. *McLennan*, 192 Ill. 480; *Kidder* v. *Douglas*, 194 id. 388.

The decree of the circuit court will therefore be affirmed.                                    *Decree affirmed.*