### Eugenie L. Spearman et al. v. Anna B. Foote.

#### Gen. No. 12,280.

1. SPECIFIC PERFORMANCE—*lies to enforce annuity provision of will.* A will imposing an obligation upon the beneficiaries to pay an annuity will be enforced in equity, notwithstanding such will provides that the annuity in question shall not be a charge upon the real or personal property of the testator, where it appears that the beneficiaries have taken under and received the benefits of such will. .

Bill to enforce compliance by legatees with directions contained in will. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 23, 1906. Rehearing denied May 11, 1906.

**Statement by the Court.** This is a bill in equity filed by appellee to enforce compliance on the part of certain

legatees with directions given them in the will under which they received and accepted the devise of the greater portion of the testator's estate.

Complainant alleges that her brother Thomas Lonergan died testate, leaving a widow and children to whom bequests were made. The widow and one son, Charles J. Lonergan, have since died. The remaining children are made parties defendant. Complainant states that the will, which is set forth in full, was duly probated and the estate settled. The tenth clause of the will is as follows :

"Tenth :    It is my desire and I do hereby direct that my said wife during her life, and thereafter my children other than Maude M. McLaughlin and Charles J. Lonergan, pay to my sister Mrs. Anna Foote the sum of $350 yearly during her natural life for her support, the same to be paid to her by my wife or children in quarter yearly payments of $87.50, but the provision here made in behalf of my sister shall not be a charge upon my real estate or personal property."

It is alleged that during her lifetime the widow of the testator paid complainant $350 yearly, but that since her death Eugenie L. Spearman, Mary C. Lilly, Blanche L. Davis and Thomas Lonergan, who were directed by said tenth clause of the will to pay said annuity to complainant, have failed to do so; that under a pretended agreement among themselves to the effect that each would pay her $5 a month, they have paid only about $240 per annum instead of $350 as provided by said will.    Omitting averments in the bill not necessary to be stated, the complainant charges that there is due and owing her from said defendants under the said will $435, with interest thereon from the respective times when said payments became due.    She prays among other things that defendants and each of them be ordered to pay her said unpaid amounts, and that the same be made a lien upon their property, real and personal, until paid.

Demurrers to the bill having been overruled defendants other than Thomas Lonergan, who answers separately, filed joint and several answers denying that the testator by said tenth clause of his will or otherwise bequeathed complainant as and for annuity $350 or any other sum or di-

rected payment to her of such amount by either his said wife or his children; deny that they arranged among themselves to each pay her $5 per month or any other sum, and state that what they have paid her was a mere gratuity, said testator having provided in said tenth clause of his will that the sum referred to therein should not be a charge upon his real or personal property. They aver that complainant has asked, and has received from them without asking, gifts of money and other things, out of a feeling of kindness toward her, until her demands became persistent, arrogant, insolent, burdensome and intolerable, and she was informed they would no longer be endured.

A decree was entered finding *inter alia* that the testator directed payment of $350 in quarter payments annually to complainant during her lifetime, and that the defendants Eugenie L. Spearman, Mary C. Lilly, Blanche L. Davis and Thomas Lonergan, his children, became and were bound and liable in law and equity after the widow's death to pay complainant said sum; that since their mother's death they have paid complainant $2,260 up to the filing of the bill; that on that date, July 3, 1903, there was due her under the will and unpaid the sum of $394.17 as principal and $22.83 interest from that date to October 3, 1904; that there had accrued and was due since the bill was filed the further sum of $437.50 and $10.94 interest thereon to October 3, 1904, the total amount then due being $865.44, for which sum, unless paid within fifteen days, it was ordered that complainant have execution. The decree further provides that said defendants hereafter pay complainant $350 annually as long as she may live, in quarter yearly payments of $87.50 each, beginning with January 3, 1905, if she be then living. It is provided, however, that such payments shall not be or constitute a lien upon real or personal property of defendants, but leave is given complainant to apply to the court for enforcement, if necessary, of the payments as ordered.

LESTER C. CHILDS, for appellants.

ALONZO M. GRIFFEN, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Disregarding certain technical objections urged by counsel, which do not, we think, constitute valid objections to the jurisdiction of the court or to the decree on the one hand, nor to the certificate of evidence on the other, the substantial question presented is the construction and effect to be given to the tenth clause of the will of Thomas Lonergan, deceased. By that clause the testator directed his wife during her lifetime and his children after her death to pay $350 yearly in quarter yearly payments of $87.50, to his sister, the complainant, during her natural life, for her support. This direction is plain and unambiguous. It is followed, however, by a direction that such provision in behalf of complainant "shall not be a charge upon my real or personal property."

Appellants claim that by reason of this last proviso they are relieved entirely from legal or equitable obligations to pay complainant anything. In other words, they contend that the whole tenth clause of the will has no binding force, because the provision therein made for complainant is not to be a charge upon the testator's real or personal property. They assert that the testator merely intended to leave these payments to what their counsel calls a benevolent discretion, should they possess the benevolence and choose to exercise the discretion.

It appears from the evidence that the real estate left by the testator had an estimated valuation of over $378,000, and the bulk of it was by the will devised and bequeathed to appellants in equal parts, subject to a life interest in the widow terminated in 1895 by her death. Appellants admit they have taken possession of their respective shares in the estate under the terms and provisions of the will. The same instrument in clear and explicit language directed them to make the payments to complainant. They took the estate charged with an imperative trust created by said tenth clause of the will, and this obligation they

are not relieved from because not charged upon the real and personal estate of the testator. The fact that the testator left them at liberty to use or dispose of the real and personal property devised to them without setting aside any specific portion of it as a special trust fund out of which the payments to appellee should be made, does not relieve them of the trust personally assumed by them when they accepted the portions of the estate devised to them respectively. In a case much in point, where property was devised to a son, the testator directing him to furnish the testator's widow annually with a certain specified provision for her comfort and maintenance (Mahar v. O'Hara, 4 Gillman, 425–428), Mr. Justice Caton, after holding that jurisdiction of equity "in cases of legacies has been firmly established," said: "Now, in equity he is considered a trustee for the purpose of executing these provisions in favor of the widow, and by accepting the estate he assumed the trust, and the estate thus devised is not chargeable in equity with the trust, but by accepting the devise he became personally responsible for the payment of the legacy according to the provisions of the will." In Schouler on Wills, sec. 595, it is said that "expressions of desire accompanying a devise or bequest are *prima facie* obligatory moreover, and create a trust unless the actual intention appears different. Where, for example, one gives to A. B. $5,000, hoping, wishing, recommending, expecting or, perhaps, entreating him to give the same or some part of it to C. D. or use it for C. D.'s benefit—for here C. D. is considered an object of the testator's bounty—A. B. is *pro tanto*, at least, a trustee for him by inference." In the present case the testator not only expresses his desire, but absolutely directs appellants to make these payments to complainant. See, also, Beach on the Law of Wills, Sec. 215; Blanchard v. Chapman, 22 Ill. App. 341–347.

It is a well settled rule in equity that a person, by taking any beneficial interest under a will, is thereby held to confirm and ratify every other part of the will, and shall not set up any right or claim which shall in any way de-

feat or prevent the full effect and operation of any part of the will. Fry v. Morrison, 159 Ill. 244–252; Van Schaack v. Leonard, 164 Ill. 602–606; Buchanan v. McLennan, 192 Ill. 480–483. The rule is stated in Funk v. Eggleston, 92 Ill. 515–534, to be that "if the legacies are made a personal charge on the devisee an acceptance of the devise imposes a personal liability on the devisee, and she will take the estate devised as a purchaser and in fee." In Spraker v. Van Alstyne, 18 Wendel, 199–204, it is said that the meaning of the expression, "a charge upon the person in respect to the lands devised," is that the devisee is directed to pay the debts or legacies personally, because the testator has made the devise to him; so that, if he accept the devise, he impliedly assumes to pay the charge.

In the case at bar appellants, by acceptance of the devise made to them by their father, assumed personal liability to make the payments as directed in the tenth clause of the will.

The decree of the Superior Court will be affirmed.

*Affirmed.*