**Dixmoor Golf Club, Inc., Appellee, v. Charles Evans, Jr., et al. S. K. Wheeler, Appellant.**

**Gen. No. 33,105.**

Opinion filed April 22, 1929.

JOHN A. BUSSIAN, for appellant; EDWARD I. DEBOLT and WALTER BOLAND, of counsel.

DENNIS J. O'TOOLE, for appellee; ALBERT G. KAISER, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant, S. K. Wheeler, seeks to reverse a decree of the superior court of Cook county, modifying a former decree of that court pursuant to the mandate and opinion of the Supreme Court of Illinois. The opinion is found in *Dixmoor Golf Club v. Evans*, 325 Ill. 612.

The contention of Wheeler is that the chancellor did not follow the mandate and opinion of the Supreme Court in modifying the decree, in that all of the eight defendants should have been held jointly and severally liable, while by the modified decree only three of the defendants, viz., Alfred J. Kendrick, Henry Weinberger and S. K. Wheeler, were decreed to be jointly and severally liable. The complainant, the Dixmoor Golf Club, Inc., agrees with defendant Wheeler in his contention. We are, however, of the opinion that the contention cannot be sustained. The record discloses, and it also appears from the opinion of the Supreme Court, that the Dixmoor Golf Club, Inc., filed its bill to compel the defendants Charles Evans, Jr., Raymond W. Beach, Alfred J. Kendrick, Clarence C. Upham, Frank C. Wells, Henry Weinberger, Charles L. Hays, Jr., and S. K. Wheeler to account for secret profits made by them while directors and in the management and control of the Golf Club. After the issues were made up the cause was heard before the chancellor and

a decree entered holding each of the defendants to account for the amount they severally received from the Golf Club. From this decree three of the defendants appealed to the Supreme Court. Touching this question the Supreme Court said (p. 614): "S. K. Wheeler, Henry Weinberger and Alfred J. Kendrick, three of the defendants, have appealed from the decree." In its opinion the facts are stated with considerable detail and particularity, and after discussing the law applicable thereto the opinion concludes: "but it was error not to hold the defendants jointly liable, as well as severally, for the amounts with which they are charged. The decree is therefore reversed and the cause remanded to the superior court, with directions to that court to modify the decree by holding the appellants jointly and severally liable in accordance with this opinion, and to re-enter the decree as so modified." From the decree as modified the defendant Wheeler alone prosecutes this appeal.

The mandate of the Supreme Court contained the following: "the decree of the Superior Court of Cook county . . . be reversed, annulled, set aside and wholly for nothing esteemed, and this cause be remanded to the Superior Court of Cook County with directions to that court to modify the decree by holding the appellants jointly and severally liable in accordance with the views expressed by the court in their opinion filed herewith, and to re-enter the decree as so modified." It will be noted that the Supreme Court in its opinion and mandate expressly directed the superior court of Cook county to modify its decree by holding appellants S. K. Wheeler, Henry Weinberger and Alfred J. Kendrick jointly and severally liable. No language could be more plain and specific. In its opinion the Supreme Court expressly named these three parties as having appealed from the original decree. It is clear that the chancellor followed the specific instructions of the Supreme Court.

Moreover, five of the defendants were not before the Supreme Court on the appeal, and since the liability of each of these five defendants as fixed by the original decree was severable and each of them was willing to abide by the decree as to them it was final, and not to be disturbed on the appeal. *Norris v. Downing,* 196 Ill. 91; *Hartman v. Pistorius,* 248 Ill. 568; *Hewes v. Glos,* 170 Ill. 436; *Glos v. Woodard,* 202 Ill. 480; *Gillett v. Chicago Title & Trust Co.* 230 Ill. 373; *Walker v. Montgomery,* 236 Ill. 244; *Hammond v. People,* 164 Ill. 455.

In the *Norris* case it was held that where only one of the cross-complainants appealed from a decree dismissing the cross-bill, the assignments of errors must be treated as his only and if the decree was right, it must be affirmed. The court there said (p. 94): "The only person complaining in this court of the action of the trial court in dismissing said cross-bill for partition is Ella Norris, as only parties to the suit who have appealed have a right to assign errors upon the record, and one appellant may not assign errors on behalf of a party who does not appeal. (2 Ency. of Pl. & Pr. 931: . . .) If the complainants in the cross-bill for partition, other than Ella Norris, were dissatisfied with the ruling of the court in dismissing said cross-bill, they should have joined with her in praying and perfecting an appeal or should have obtained a severance and perfected an appeal." The court then refers to section 70 (now section 97) of the Practice Act, Cahill's St. ch. 110, ¶ 97, and continuing says: "This section and the practice recognized allow one party to use the names of all as plaintiffs in suing out a writ of error, but the right 'to use the names of all said persons, if necessary,' does not, in the opinion of the court, enable one party to appeal in behalf of all. . . . neither can Ella Norris assign errors on their behalf."

And in the *Hartman* case (248 Ill. 568) it was held that an appeal by a part of the defendants to a fore-

closure proceeding operates as a severance from the other defendants. The court said (p. 573) : "The plaintiffs in error alone appealed to the Appellate Court, which operated as a severance from the other defendants in the circuit court, and the Appellate Court erred in not sustaining their assignments of error. The judgment of the Appellate Court affirming the decree against plaintiffs in error is reversed and the decree of the circuit court as to them is also reversed. The cause is remanded to the circuit court, with directions to dismiss the bill as to the plaintiffs in error." In that case it will be noted that although there was error in the decree appealed from, the Supreme Court ordered the bill dismissed only as to the plaintiffs in error who were not all of the defendants in the trial court. In the *Hewes* case (170 Ill. 436) some of the defendants in a chancery proceeding were defaulted. The others answered. A decree was entered against all. The defendants who had not been defaulted appealed to the Appellate Court, which, upon consideration, ordered the bill be dismissed as to all the parties. On a further appeal to the Supreme Court this was held to be error; the court holding that the suit should have been dismissed only as to those appealing. It is there said (pp. 441, 442) : "It is objected, however, that the Appellate Court dismissed the bill absolutely as to all the parties, although other defendants than appellees had been defaulted and a decree had been taken against them to which they made no objection. Doubtless that fact was not noticed or brought to the attention of the Appellate Court, but as to the defendants who had defaulted and did not appeal the decree should have been permitted to stand. The judgment of the Appellate Court will be modified so as to dismiss the bill at the cost of complainant, the appellant in this court, as against the defendants who appealed and are appellees in this court."

To the same effect is the *Hammond* case (164 Ill.

455), where an attempt was made by one of the defendants to perfect an appeal on behalf of all of the defendants. The court quoted from section 70 (now 97) of the Practice Act, and said (p. 457) : ''This section and the practice recognized allow one party to use the names of all as plaintiffs in suing out a writ of error, but the right 'to use the names of all of said persons, if necessary,' does not, in the opinion of the court, enable one party to appeal in behalf of all.'' In the other cases cited the same rule is announced.

Finding no error in the decree of the superior count of Cook county, as modified, it is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.