FRANCIS J. KELLY, EXECUTOR, ESTATE OF ROSE A. KELLY, DECEASED PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70899. Promulgated December 26, 1934.

*William C. DeLacy, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

#### OPINION.

SEAWELL: Respondent determined a deficiency in estate tax of the decedent in the amount of $3,783.16. Rose A. Kelly, decedent, was the widow of John A. Kelly, who died May 17, 1927. She and their son, Francs J. Kelly, were the sole devisees and legatees under the will of John A. Kelly and sole executors of his estate. Francis J. Kelly is the sole executor of the estate of Rose A. Kelly, who died October 11, 1930. Each of these persons was a resident of Chicago, Illinois.

Petitioner alleges that respondent erred in disallowing as deductions three items of indebtedness of the estate of Rose A. Kelly, in the amounts of (a) $14,220.21, (b) $24,000, and (c) $150,000. After the hearing petitioner upon motion was allowed to amend his pleading to correspond to the proof, and (d) alleged in effect that real estate of the value of $250,000 was erroneously included in the return for Federal estate tax because decedent had only a life estate therein at the time of her death, and he prayed for proper correction of the error. All allegations of error were denied by respondent. In the brief petitioner withdrew the allegation of error as to the deductibility of item (a) above. We will treat the other claims in their order.

Item (b), $24,000. This is the balance of a note for $27,000, dated July 21, 1930, executed by Francis J. Kelly and Rose A. Kelly. The history of this note discloses that it was originally for $30,000, and was an unmatured indebtedness of John A. Kelly, evidenced by his note for money borrowed by him from the Continental & Commercial Bank and outstanding at the time of his death. On April 21, 1930, Rose A. Kelly and Francis J. Kelly made payment of $3,000 thereon and thereafter executed the $27,000 note to replace the original note, which was canceled. On August 27, 1930, the makers of the note made a further payment thereon, reducing the amount to $24,000, which is claimed as a deduction from the gross estate of Rose A. Kelly at the time of her death, under section 303 (a) (1) of the Revenue Act of 1926, as a claim against her estate. It was admitted by petitioner that the estate of John A. Kelly was solvent, and that this item of indebtedness was claimed in the return for estate tax purposes of his estate and allowed by respondent. Petitioner on the brief cites as authority for its allowance also in this case the Board's decision in *Jeptha H. Wade, Jr., et al., Executors*, 21 B. T. A. 339. The case cited is not apposite, and we can discover no reason in law for allowing the deduction, and it is denied.

Item (c), $150,000. At the time of his death John A. Kelly was the owner of real property, known as the Flatiron Building, upon which he had placed a deed of trust securing an indebtedness against him of $150,000. Some accrued interest at that time was also unpaid. John A. Kelly devised the Flatiron Building to Francis J. Kelly. Upon the settlement of the Federal estate tax of John A. Kelly the whole amount of indebtedness due under the deed of trust was claimed and allowed as a deduction from his gross estate. After the death of John A. Kelly, Rose A. Kelly and Francis J. Kelly funded the balance owing on the debt, $150,000, and accrued interest, by executing a new deed of trust on the Flatiron Building, in which was included also certain other real estate, known as the Roseland property, which it was agreed belonged to Rose A. Kelly. Petitioner contends, and oral evidence was offered to support the contention, that John A. Kelly, Rose A. Kelly, and Francis J. Kelly verbally agreed among themselves that the two parcels of real estate which were included in the new deed of trust should be held together as a financial unit for the purpose of paying expenses, as the Flatiron Building "could not carry itself", and that Rose A. Kelly before her death had accounted for some $72,000 on account of this agreement in carrying the Flatiron Building. The debt, however, notwithstanding the change in its form and the increase in security, we hold remained the debt of the estate of John A. Kelly, which it is

admitted was solvent. This unpaid mortgage, so far as Rose A. Kelly is concerned, was not "contracted for an adequate and full consideration in money or money's worth", as required by section 303 (a) (1). See *Kiess* v. *Baldwin*, 74 Fed. (2d) 470. We therefore sustain the respondent in this contention.

In the amendment to the petition, above referred to, petitioner alleges in effect that proof on the hearing showed that decedent at the time of her death did not own an inheritable interest or estate in said real estate, but no more than a life estate therein, and prayed that the amount of $250,000, item (d), be deducted from the return as made by petitioner. Respondent, before answering, excepted to the granting of the motion to amend and moved that the order allowing the same be vacated. The answer then, in effect, denies the allegations of the petition, except it admits that the value of the real estate at the date of the death of decedent was $250,000, that at the hearing a copy of the will of John A. Kelly was introduced in evidence, and that items second and third thereof are correctly quoted in the amendment to the petition. Respondent in his answer specifically denies that John A. Kelly " died seized and possessed of such a right, title, or interest in " the real estate in question " as would enable him to transmit by will a life estate to Rose A. Kelly "; or that the will, " without other proof, could be taken as proof " that Rose A. Kelly was not at the time of her death the fee simple owner thereof.

The amendment to the petition is inartistically drawn; it does not directly allege the facts, but alleges that " respondent introduced evidence " on the trial " which proved that decedent had only a life estate " in the real estate described which " petitioner herein had listed as part of the Estate of said decedent * * * and therefore * * * should be disregarded by the respondent " and " deducted from the gross estate." But construing the amended pleading liberally, and in connection with subject matter and context, as we are required to do, it appears sufficient to raise the issue as to whether the decedent at the time of her death was the owner of an inheritable estate or of only a life estate in the property described, and to require our determination of the issue so raised.

Upon evidence introduced by respondent or elicited by him on the trial, we find that there were included in the Federal estate tax return of John A. Kelly's estate two parcels of real estate which are known as, and for convenience here called, (1) the Roseland property, at a valuation of $180,000, and (2) the Flatiron Building property, at a valuation of $185,000. The Roseland property was owned by John A. Kelly and Rose A. Kelly as joint tenants at the time of his death. But the Flatiron Building property, acquired by them as joint tenants on August 27, 1921, by deed of the Flatiron

Building Corporation, was conveyed by them to Walter H. Dehloer, September 20, 1922, and reconveyed by Walter H. Dehloer and wife to John A. Kelly alone, who was sole owner thereof at the time of his death. By his will John A. Kelly gave and bequeathed certain personal property to Rose A. Kelly, his wife, and also devised to her a life estate in the Roseland property, remainder to Francis J. Kelly, their son, in fee simple. Rose A. Kelly took under the will. The Flatiron property was devised to Francis J. Kelly and he was also made residuary legatee. Rose A. Kelly died less than five years after the death of John A. Kelly, and her executor included in her Federal estate tax return (Form 706) at a valuation of $250,000, the Roseland property, which was the same property included in the Federal estate tax return of John A. Kelly at $180,000. In the John A. Kelly estate tax return the total gross estate was $217,269.34 and the total deductions $382,350.98, net estate for tax—none. In the Rose A. Kelly estate tax return the total gross estate was $280,715.52 and total claimed deductions $298,031.92, net estate for tax—none.

We feel that, under the facts disclosed, the issue of whether at her death Rose A. Kelly was the owner of the Roseland property and whether that property should be included in her gross estate for estate tax purposes should be resolved in favor of petitioner. Scarcely any proposition is better established in the law than that which holds that one may not claim under and against a will at the same time. *Utermehle* v. *Norment*, 197 U. S. 40. As was said by Mr. Justice Brewer in *Smithsonian Institution* v. *Meech*, 169 U. S. 398, 414, "Although the testator has no legal power to dispose of the property of another, yet if he assumes to do so by his will, and such person accepts a devise or bequest under the will, it will be a confirmation of such disposition of his own property by the testator." See also *Herbert* v. *Wren*, 7 Cranch, 370.

In *Kidder* v. *Douglas*, 194 Ill. 388; 62 N. E. 911, the court quoted approvingly from its opinion in *Buchanan* v. *McLennan*, 192 Ill. 480; 61 N. E. 448, wherein it is said in part: " One who takes under a will cannot, therefore, insist that the provisions in his favor shall be executed while those to his prejudice be annulled." In *Wooley* v. *Schrader*, 116 Ill. 29; 4 N. E. 658, the following language from 2 Jarm. Wills is quoted with approval: " He who accepts a benefit under a will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it. In *Carper* v. *Crowl*, 149 Ill. 465; 36 N. E. 1040, it is said: ' If a testator, intending to dispose of his property includes in the disposition property of another person and at the same time gives to such other person an interest in the estate of the testator, such

person will not be permitted to defeat the disposition made by the will and at the same time take under it. He is put to his election whether he will retain his own property or take the benefit conferred by the will.'" See also *Beetson* v. *Stoops*, 186 N. Y. 456; 79 N. E. 731; *Sorenson* v. *Carey*, 96 Minn. 202; 104 N. W. 958; and *Tolley* v. *Poteet*, 62 W. Va. 231; 57 S. E. 811.

Mrs. Kelly, by taking other property under the will of her husband, became, as provided in the will, a life tenant only of the Roseland property, and was as effectually divested of any other estate in the property at the time of her death as if she had conveyed it away by deed, reserving only an estate for life to herself. We hold, therefore, that the value of the Roseland property should not be included in her estate.

*Judgment will be entered under Rule 50.*